HEAT ENERGY ADVANCED TECHNOL-OGY, INC.; Texas Natural Resource Conservation Commission; and Texas Natural Resource Conservation Commissioners Barry R. McBee, R.B. Marquez and John M. Baker, Jr., in their Official Capacities, Appellants,

v.

WEST DALLAS COALITION FOR ENVIRONMENTAL JUSTICE, Appellee.

No. 03–97–00382–CV.

Court of Appeals of Texas, Austin.

Feb. 12, 1998.

Cynthia Woelk, Brian E. Berwick, Asst. Attys. Gen., Natural Resources Div., Philip

S. Haag, Hutcheson & Grundy, L.L.P., Austin, for appellants.

Robert W. Doggett, Legal Services of North Texas, Dallas, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

KIDD, Justice.

This is a suit for judicial review of an order of the Texas Natural Resource Conservation Commission ("Commission") concluding that the West Dallas Coalition for Environmental Justice ("Coalition") did not have standing to challenge the application for a renewal permit by Heat Energy Advanced Technology ("HEAT"). The district court reversed the Commission's order and remanded the cause to the Commission for further proceedings. Both the Commission and HEAT appeal the district court's judgment. We will affirm the judgment.

## BACKGROUND

HEAT is a company that operates a hazardous and industrial waste storage and processing facility in Dallas. The Coalition is a group of people who live near the HEAT facility. HEAT applied to the Commission to renew its permit to conduct its business. The Coalition requested that the Commission conduct a hearing on the permit renewal, presumably under the authority of section 361.088 of the Solid Waste Disposal Act, which requires the Commission to provide an opportunity for a hearing to "persons affected" by the permitted activity. *See* Tex. Health & Safety Code Ann. § 361.088(c) (West Supp.1998).

The Commission referred the case to the State Office of Administrative Hearings ("SOAH") for a determination of whether the Coalition had standing to participate in a hearing on HEAT's permit. *See* Tex. Water Code Ann. § 5.115(a) (West Supp.1998) (defining "persons affected" and authorizing the Commission to promulgate rules on associational standing); 30 Tex. Admin. Code §§ 55.23, .27(a)(3) (1997) (defining associational standing and providing for referral of cases to SOAH at discretion of Commission). An administrative law judge ("ALJ") at

SOAH conducted an evidentiary hearing and concluded in a proposal for decision that the Coalition had standing to participate in the requested hearing. The Commission reviewed the proposal and concluded otherwise. In doing so, the Commission substituted its own findings of fact and conclusions of law for some of the ALJ's findings and conclusions. The Coalition filed a motion for rehearing. Before the Commission had ruled on the Coalition's motion for rehearing, however, the Coalition sought judicial review of the Commission's decision in district court. *See* Tex. Water Code Ann. § 5.351 (West 1988). The district court ultimately determined that section 361.0832 of the Solid Waste Disposal Act limited the Commission's authority to overturn the ALJ's proposal for decision in the proceedings concerning the Coalition's standing. *See* Tex. Health & Safety Code Ann. § 361.0832(c), (d) (West 1992). The district court then determined that the Commission had exceeded its authority and that the evidence did not support the Commission's reversal of the ALJ's proposal. Therefore, the court remanded the cause to the Commission for further proceedings.

Both the Commission and HEAT appeal the district court's judgment. HEAT asserts three points of error, contending: (1) the Coalition failed to invoke the district court's jurisdiction to review the Commission's order; (2) the district court erred in ruling section 361.0832 applies to the Commission's review of the ALJ's proposal; and (3) the evidence supported the Commission's determination of the standing issue, regardless of whether the Commission had limited or unbridled discretion to overturn the ALJ's findings and conclusions. The Commission brings one point of error, which is essentially the same as HEAT's third point of error. We will first address the threshold jurisdictional issue.

## DISCUSSION

### *Jurisdiction*

In its first point of error, HEAT argues that the Coalition failed to invoke properly the jurisdiction of the district court. Specifically, HEAT contends that the Coalition followed improper procedures by filing its petition for judicial review *before* the Commission had acted upon the Coalition's motion for rehearing. HEAT argues this untimely filing divested the district court of jurisdiction over the lawsuit.

HEAT relies primarily on *Lindsay v. Sterling*, 690 S.W.2d 560 (Tex.1985). In *Lindsay*, a county judge sitting in an administrative capacity issued an order denying the renewal of a license. The licensee filed a motion for rehearing but sought judicial review in district court before the county judge had overruled the motion. The supreme court held that the licensee had failed to invoke the jurisdiction of the district court because she petitioned for judicial review without first receiving a ruling on her motion for rehearing. *Lindsay*, 690 S.W.2d at 563. In other words, she had failed to exhaust her administrative remedies. *Id.*

The licensee in *Lindsay* argued that the applicable statutes *required* her to seek judicial review before the county court had overruled her motion for rehearing. The relevant enabling statute required an aggrieved licensee to seek judicial review within thirty days from the date the order became "final and appealable." *See id.* On the other hand, the Administrative Procedure and Texas Register Act ("APTRA," predecessor to the Administrative Procedure Act, Tex. Gov't Code Ann. §§ 2001.001–.902 (West 1998)) allowed the county judge up to forty-five days from the date the order was issued to overrule the motion for rehearing. *Id.* Thus, the licensee contended that her thirty-day appellate timetable might expire before the county judge had acted upon her motion for rehearing. Accordingly, she filed her petition for judicial review before the county judge acted on her motion for rehearing. She contended that the conflicting statutes created a procedural "catch–22" that required a premature filing of her petition.

The supreme court disagreed with the licensee's assessment of the interplay between the enabling statute and APTRA. APTRA provided that an administrative order did not become final and appealable until *after* the agency had overruled the motion for rehear-

ing. The supreme court read this APTRA provision in conjunction with the provision in the enabling statute, which said the judicial-review timetable began when the order became final and appealable. The supreme court concluded that the thirty-day time period to seek judicial review would not begin to run until *after* the county judge had overruled the licensee's motion for rehearing. *Id.* Therefore, the supreme court held that the licensee's premature petition for judicial review failed to invoke the district court's jurisdiction. *Id.* at 564. The supreme court's pronouncement in *Lindsay* that a timely, ruled-upon motion for rehearing is a prerequisite to a suit for judicial review became a rule generally applicable to all administrative proceedings.

The supreme court recently recognized an exception to this rule. In *Simmons v. Texas State Board of Dental Examiners*, the court addressed a similar situation in which a licensee petitioned for judicial review before the agency had overruled his motion for rehearing. 925 S.W.2d 652 (Tex.1996). The court, however, reached the opposite conclusion from its decision in *Lindsay. Id.* at 653–54.

The key distinction between *Lindsay* and *Simmons* was the difference between the enabling statutes applicable in each case. Instead of requiring the licensee to petition within thirty days of the date the order became *final*, as the statute provided in *Lindsay*, the enabling statute in *Simmons* required the licensee to petition within thirty days of the date the agency sent him *notice* of the order. *Id.* at 653. However, the Administrative Procedure Act ("APA") still allowed the agency at least forty-five days to

rule on the required motion for rehearing. *Id.* Thus, the APA and the enabling statute could not be harmonized. The judicial-review timetable began and could possibly have expired *before* the licensee was able to exhaust his administrative remedies.

Recognizing this, the licensee in *Simmons* filed a motion for rehearing and then filed a petition in district court while the motion was still pending before the agency. The licensee asked the district court to stay the review proceedings until the agency had disposed of his motion. The court did so. After the motion was overruled by operation of law, the licensee asked the district court to reinstate his action for judicial review. The district court refused, relying upon *Lindsay*.

The supreme court reversed, noting the conflict between the enabling statute and the APA. *Id.* The court also noted that the licensee had attempted to reinvoke the jurisdiction of the district court after the motion had been overruled. *Id.* at 653–54. Based upon those facts, the court distinguished *Lindsay* and held the district court erred in dismissing the suit for judicial review. *Id.* at 654.

With this background in mind, we must decide whether the Coalition's petition for judicial review invoked the district court's jurisdiction despite the fact that the Coalition filed it while the motion for rehearing was still pending before the Commission. The Coalition contends that this case falls within the *Simmons* exception to the general rule because Texas Water Code section 5.351(b) requires the Coalition to file its petition *before* the time expired for disposition of the motion for rehearing.[1] Section 5.351(b)

---

1. Alternatively, the Coalition argues that the petition invoked the jurisdiction of the district court because no motion for rehearing was necessary in this proceeding, and the Coalition had thus exhausted its administrative remedies when it filed the petition.

The Coalition offers as support for its argument a copy of a paper written by a representative of the Commission. The paper was apparently presented at a continuing legal education conference and suggests a motion for rehearing is not necessary in this type of proceeding. The paper cites no authority for this statement. In any event, it is not binding on the agency or this Court. The Commission's rules generally require a motion for rehearing before appeal, and they do not

exclude associational standing proceedings. *See* 30 Tex. Admin. Code § 80.271(a) (1997). We also note that *after* the Commission issued a final order in this case, the Commission promulgated a rule *expressly* requiring a motion for rehearing in this type of case. *See id.* § 55.27(g) (1997). Furthermore, the Administrative Procedure Act requires the Coalition to file a motion for rehearing. *See* APA, Tex. Gov't Code Ann. § 2001.145 (West 1998). The Coalition argues the APA did not apply to this proceeding because the Commission's enabling statutes do not expressly incorporate the APA. We disagree. The APA's motion for rehearing requirement is a prerequisite to an appeal in any "contested case" except one decided in an emergency. *Id.* A "contested

reads in relevant part, "A person affected by a ruling, order, or decision of the commission must file his petition *within 30 days after the effective date* of the ruling, order, or decision. . . ." Tex. Water Code Ann. § 5.351(b) (emphasis added). The Coalition contends that the Commission's order was *effective* on the date it was *issued.* Thus, the Coalition argues, the petition was due in district court within thirty days from the date the Commission issued the order, regardless of whether the motion for rehearing was still pending. The Coalition contends section 5.351(b) contradicts the APA, putting the appellant in a *Simmons*-like "catch–22."

HEAT, on the other hand, argues the "effective date" of the order is not the date it was issued, but the date it became final. The order did not become final until the motion for rehearing was overruled. *See* APA § 2001.144(a)(2); 30 Tex. Admin. Code § 80.273 (1997). HEAT argues that section 5.351(b) is consistent with the APA and that the judicial-review timetable does not begin to run until after the motion for rehearing is acted upon. HEAT argues this case is more like *Lindsay* than *Simmons.*

While we do not hold that the effective date of an agency order is necessarily the same as the date the order was issued, we agree with the Coalition that this case is more like *Simmons* than *Lindsay.* We base our conclusion on our determination that the effective date of the Commission's order could have predated the overruling of the Coalition's motion for rehearing.

▆▆▆ There is no hard and fast rule on when agency orders become effective. Subject to statutory and constitutional limitations, agencies have the discretion to set effective dates for their decisions and orders. *See Young Trucking, Inc. v. Railroad Comm'n of Tex.,* 781 S.W.2d 719, 721 (Tex. App.—Austin 1989, no writ) (citing *Railroad Comm'n of Tex. v. Lone Star Gas Co.,* 656 S.W.2d 421 (Tex.1983)). Contrary to HEAT's argument, there is no general prohibition on making an order effective before it is final and appealable. *See TEXALTEL v. Public Util. Comm'n of Tex.,* 798 S.W.2d 875, 885 (Tex.App.—Austin 1990, writ denied).[2] In fact, an agency may even under some circumstances make its order effective before the date of issuance, so long as the agency's statute authorizes it, the agency had jurisdiction on the effective date, and the order does not affect vested property rights. *Id.* at 881–82; *see also Buttes Resources Co. v. Railroad Comm'n of Tex.,* 732 S.W.2d 675, 682 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). The legislative rather than the judicial branch is the appropriate authority to establish limits on agency discretion to set effective dates. *See Lone Star Gas,* 656 S.W.2d at 424. Consequently, we conclude that the effective date of an agency order does not necessarily depend upon the date of its *issuance* or *finality,* but primarily on the legislature's and the agency's intent.[3]

case" is a "proceeding . . . in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing." *Id.* § 2001.003(1) (West 1998). This proceeding falls within the definition of a "contested case" because the Coalition's right to challenge HEAT's permit was "to be determined" in an adjudicative hearing; the Commission referred the matter to SOAH for an evidentiary hearing before an ALJ. *Cf. Best & Co. v. Texas State Bd. of Plumbing Examiners,* 927 S.W.2d 306, 309 (Tex.App.—Austin 1996, writ denied) (in determining whether particular agency determination was a "contested case," court considered whether the agency had in fact provided an adjudicative hearing on the issue, independent of whether the agency's statute required one). It matters not that the Commission's enabling statute does not expressly incorporate the APA; the enabling statute does not contradict the APA. The statutes are consistent and the APA required the Coalition to file a

motion for rehearing after the Commission adjudicated the standing issue. For that reason, we disagree with the Coalition's argument that it was not required to file a motion for rehearing before appealing to district court.

2. This Court previously suggested that, although an agency's order may be effective before it is final and appealable, the APA may limit the agency's ability to implement the order before it is final and appealable. *See TEXALTEL v. Public Util. Comm'n of Tex.,* 798 S.W.2d 875, 885 n. 3 (Tex.App.—Austin 1990, writ denied). Whether the Commission could have enforced the order before it became final and appealable is not an issue in this case.

3. If the agency intends to make a retroactive effective date, its power also depends on whether any vested property rights are involved and the date the agency's jurisdiction attached. *TEXALTEL,* 798 S.W.2d at 881–82. Those are not is-

To determine the effective date of the Commission's order in this case, we look to the Commission's intent, manifested through its actions, as well as the statutes and rules applicable to this proceeding. None of those indicate the effective date of the Commission's order. The Commission takes no position on this issue in this appeal, and nothing in the record reveals when the Commission intended its order to become effective.[4] The Commission's rules define the "effective date" of an act of the Commission's Executive Director. *See* 30 Tex. Admin. Code § 50.35 (1997). Curiously, however, they do not define the effective date of an action taken by the Commission.[5] Neither do any of the Commission's enabling statutes. The APA suggests the order *might* have become "effective" when the Coalition received actual knowledge of it. *See* APA § 2001.005 (West 1998). We presume the Coalition had knowledge of the order when the Commission mailed notice of it, the day after the Commission issued the order. *See* APA § 2001.142(c) (West 1998).

■ Under these circumstances, it was entirely reasonable for the Coalition to conclude that the order *might* become effective before the date it became final and appealable. *See* APA § 2001.146(c) (West 1998); 30 Tex. Admin. Code § 80.271(c)(1) (1997) (Commission had at least forty-five days, and sometimes longer, to rule on motion). The Coalition was consequently in the difficult position of having to file its petition to preserve its right to judicial review *before* it had received a ruling from the Commission on the motion for rehearing. Our conclusion that this case is analogous to *Simmons* rests upon those facts.

HEAT argues that this case is distinguishable from *Simmons* because the Coalition, unlike the licensee in *Simmons,* did not seek to "reinvoke" the jurisdiction of the district court after the motion for rehearing had finally been overruled. *See Simmons,* 925 S.W.2d at 653–54. We do not read the supreme court's opinion in *Simmons* to *require* this action in order to preserve a right to judicial review under these unique circumstances. That the licensee in *Simmons* asked the district court to reassert jurisdiction after his motion for rehearing was overruled merely bolstered the supreme court's conclusion in *Simmons.* However, it was not necessary to the supreme court's decision. Accordingly, we hold the Coalition's premature petition properly invoked the district court's jurisdiction. We overrule HEAT's first point of error.[6]

### Commission Review of ALJ's Proposal

The Coalition argues the Commission erred by substituting its own findings and conclusions for the ALJ's because the Commission exceeded its limited authority to do so. The Coalition argues that the Commission's power to substitute findings and conclusions is limited by section 361.0832 of the Solid Waste Disposal Act. *See* Tex. Health & Safety Code Ann. § 361.0832(c), (d). The standard HEAT relies upon reads in relevant part:

 (c) The commission may overturn an underlying finding of fact that serves as the basis for a decision in a contested case only if the commission finds that the finding was not supported by the great weight of the evidence.

 (d) The commission may overturn a conclusion of law in a contested case only

sues in this case because nothing in the record suggests the Commission intended its order to become effective before the date it was issued.

4. The order itself contains an "issue date," but no "effective date."

5. HEAT argues Commission Rule 80.273 defines the effective date of a Commission action. Rule 80.273 reads:
 In the absence of a timely motion for rehearing, a decision or order of the commission is final on rehearing. If a party files a motion for rehearing, a decision or order of the commission is final and appealable on the date of the

order overruling the motion for rehearing or on the date the motion is overruled by operation of law.
30 Tex. Admin. Code § 80.273 (1997). This rule defines the date a Commission order becomes final and appealable. As discussed above, the date an order becomes final is not necessarily the date it is effective.

6. HEAT also asserted this argument in a motion to dismiss. Based on our resolution of HEAT's first point of error, we overrule the motion as well.

on the grounds that the conclusion was clearly erroneous in light of precedent and applicable rules.

*Id.*[7]

HEAT argues, on the other hand, that a different statute governs the Commission's consideration of the ALJ's proposal. HEAT argues section 2003.047 of the Texas Government Code applies, and that the Commission has broad discretion to supplant the ALJ's findings and conclusions pursuant to that statute. *See* Tex. Gov't Code Ann. § 2003.047(i)(2) (West 1998). Section 2003.047 reads in pertinent part:

The commission may amend the proposal for decision, including any finding of fact, but any such amendment thereto and order shall be based solely on the record made before the administrative law judge. Any such amendment by the commission shall be accompanied by an explanation of the basis of the amendment.

*Id.*

In its second point of error, HEAT contends that the district court erred by ruling that section 361.0832 applied to Commission review of ALJ findings and conclusions. In HEAT's third point of error and the Commission's sole point of error, they contend under either standard the Commission correctly reversed the ALJ's proposal. The standard in the Texas Government Code clearly affords the Commission the most discretion to substitute its own findings and conclusions. Because we conclude that the Commission's "reversal" of the ALJ's proposal is not supportable *even under this more lenient standard,* we need not determine which standard applies.

To understand our conclusion, it is necessary to contrast the pertinent findings and conclusions made by the ALJ and the Commission. The issue before both was whether the Coalition had *standing* to participate in the HEAT permit proceedings. According to Commission rules, an association has standing if:

(1) one or more members of the group or association would otherwise have standing to request a hearing in their own right;

(2) the interests the group or association seeks to protect are germane to the organization's purpose; and

(3) neither the claim asserted nor the relief requested requires the participation of the individual members in the case.

30 Tex. Admin. Code § 55.23(a) (1997). The ALJ found the Coalition had met all the standing requirements. With respect to the first element of the test, the ALJ found that one of the Coalition's members "presented competent evidence, in the form of his personal testimony, that odors from the HEAT facility are negatively affecting him and his use of his property." The ALJ concluded the member was a "person affected" by HEAT's activities and, therefore, that the Coalition had standing to intervene in the permit proceedings. *See* Tex. Water Code Ann. § 5.115(a) (West Supp.1998) (defining "persons affected").

The Commission deleted those findings and conclusions and added new ones. The Commission found that the Coalition member who testified had *not* established that: (1) HEAT caused the odors; (2) a reasonable relationship existed between his interest and the regulated activity; or (3) HEAT's facility would likely impact the health, safety, and use of his property. The Commission concluded that the Coalition had not met its burden of proof on the first element of the standing test. The Commission, therefore, found it unnecessary to pass on the other two elements of the standing test.

 We will assume, for the sake of argument, that the lenient standard in section 2003.047 of the Texas Government Code applied to the Commission's action. We will review the commission's action pursuant to the deferential substantial evidence rule. *See* Tex. Gov't Code Ann. § 2001.174 (West 1998). Accordingly, we review the Commis-

---

7. We analyzed this statute in *Hunter Industrial Facilities, Inc. v. Texas Natural Resource Conservation Commission,* 910 S.W.2d 96 (Tex.App.— Austin 1995, writ denied). In *Hunter,* we determined this statute limits the Commission's discretion to overturn ALJ findings and conclusions. 910 S.W.2d at 102–105.

sion's legal conclusions for error of law and we review the Commission's factual findings for support by substantial evidence. *Id.; see Southwestern Public Serv. Co. v. Public Util. Comm'n of Tex.*, 962 S.W.2d 207, 214–216 (Tex.App.—Austin 1998, no pet. h.); *Lauderdale v. Texas Dep't of Agric.*, 923 S.W.2d 834, 836–37 (Tex.App.—Austin 1996, no writ). We will sustain the agency's action if the evidence is such that reasonable minds could have reached the conclusion that the agency reached. *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.*, 665 S.W.2d 446, 452 (Tex.1984). After reviewing the evidence, we conclude the Commission could not reasonably have determined the Coalition did not have standing.

■ Mr. Jose Acosta, a member of the Coalition, testified through an interpreter before the ALJ that his home was about one and one-half blocks from the HEAT facility. He said he detected odor coming from the direction of the HEAT facility, and that the odor was especially strong in the afternoons. He testified it affected his breathing, and that he had sought medical attention for throat problems caused by the odors. HEAT attempted to discredit Mr. Acosta's testimony by pointing out that the plant was south of his house, and that at one point Mr. Acosta said the odors were coming from the west. HEAT also suggested that other businesses in the area used chemicals and intimated that those facilities might have created the odors Mr. Acosta smelled. HEAT admitted, however, that it was planning to reduce its odor emissions in conjunction with the resolution of a separate Commission enforcement proceeding. This evidence suggests the HEAT facility had the *potential* to emit odors, and it lends credence to Mr. Acosta's assertion that he smelled odors coming from the HEAT facility.

The Commission clearly derived its rule on associational standing from the standard Texas courts apply in analogous circumstances. *See Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 447 (Tex.1993) (setting forth standard for associational standing in court proceedings; standard matches Commission rule almost verba-

tim). This standard does not require parties to show they will ultimately prevail in their lawsuits; it requires them to show only that they will potentially suffer harm or have a "justiciable interest" related to the proceedings. *See* Tex. Water Code Ann. § 5.115(a); *see also Texas Rivers Protection Ass'n v. Texas Natural Resource Conservation Comm'n*, 910 S.W.2d 147, 151, 152 n. 2 (Tex. App.—Austin 1995, writ denied). The Commission's substitute findings suggest that the Commission imposed a much greater burden. In fact, the Commission's findings suggest that the Coalition would have had to prove the merits of its case against HEAT just to have *standing* to prove them again in a hearing on the merits. Based on the evidence and law detailed above, we conclude that the Commission unreasonably determined that the Coalition failed to meet the first element of associational standing. The findings the Commission substituted for the ALJ's are not supported by substantial evidence. Furthermore, the conclusions that the Commission reached based upon those findings are erroneous. Accordingly, we overrule HEAT's second and third points of error and the Commission's only point of error.

## CONCLUSION

We have determined that the record does not support the Commission's findings and conclusions that the Coalition failed to prove one of its members had standing to challenge the HEAT permit. Consequently, we affirm the district-court judgment remanding the cause to the Commission for further proceedings. *See* Tex. Gov't Code Ann. § 2001.174(2).

CARROLL, C.J., not participating.