TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00455-CV






Walter West, P.E., Appellant


v.


Texas Commission on Environmental Quality and

Abitibi-Consolidated Corp., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. D-1-GN-06-000201, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING




&






NO. 03-07-00456-CV






Walter West, P.E., and The Lone Star Chapter of The Sierra Club, Appellants


v.


Texas Commission on Environmental Quality and

Abitibi Consolidated Corp., Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. D-1-GN-06-000598, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING




O P I N I O N



 These appeals arise from two lawsuits brought by appellants Walter West, P.E., and
the Lone Star Chapter of the Sierra Club seeking judicial review of an uncontested decision by
the executive director of the Texas Commission on Environmental Quality granting a wastewater
discharge permit to Abitibi Consolidated Corp. (1) Finding appellants' lawsuits untimely because
they were filed more than thirty days after the effective date of the executive director's decision, see
Tex. Water Code Ann. § 5.351 (West 2000), the district court granted the Commission's pleas to the
jurisdiction and dismissed both suits for lack of jurisdiction. Because we conclude there was no
error in the district court's dismissal of appellants' suits, we affirm the orders of dismissal.


BACKGROUND


 Abitibi and its predecessor Donohue Industries, Inc. (collectively "Abitibi") own and
operate a paper mill in Lufkin, Texas. The paper mill has been manufacturing paper since 1940. As
a result of its operations, the mill has been discharging wastewater pursuant to a state water quality
permit since 1961. In November 2000, Abitibi filed an application with the Commission for the
renewal and amendment of its permit, TPDES Permit No. 00368. Following a technical review of
the permit application, the executive director issued a preliminary decision that the requested permit
met the requirements of applicable law. The executive director's preliminary decision triggered a
period of public notice and comment on the Abitibi application. After the close of the notice and
comment period, "affected persons" (2) were entitled to submit a request for a contested case hearing. 
See id. § 5.115 (West 2000).

 The Commission considered all of the requests for a contested case hearing at a public
meeting on June 15, 2005. After the meeting, the Commission issued an order granting only the
hearing request from Jo Ellen Atkinson. The Commission denied all other requests for a hearing,
including those submitted by West and the Sierra Club. The Commission determined that West and
the Sierra Club were not "affected persons" within the meaning of the water code. See id. §§ 5.115
(defining "affected person"), 5.556 (3) (prohibiting hearing unless requested by affected person as
defined in section 5.115) (West 2000). (4)

 After the Commission referred Abitibi's application to the State Office of
Administrative Hearings for a contested case hearing, Ms. Atkinson withdrew her request for a
hearing. Upon the withdrawal of Ms. Atkinson's hearing request, the administrative law judge
cancelled the preliminary hearing and granted Abitibi's motion to remand the application to the
executive director for further proceedings. See 30 Tex. Admin. Code § 80.101 (2007). Once the
Abitibi application was remanded to the Commission, it was deemed an uncontested matter pursuant
to the Commission's rules. See id.

 On remand, the executive director granted the uncontested permit application as
authorized by law. See Tex. Water Code Ann. § 5.122 (West 2000) (delegating uncontested matters
to the executive director); 30 Tex. Admin. Code §§ 50.133 (2007) (authorizing executive director
to act on uncontested matters), 80.101 (2007) (remanding uncontested applications to executive
director). The executive director signed the permit on December 9, 2005, and his decision was
effective that same day. See 30 Tex. Admin. Code § 50.135 (2007). It is undisputed that West and
the Sierra Club received notice of the executive director's decision.

 Section 5.351 of the water code allows a person to seek judicial review of a
Commission's decision by filing a petition for judicial review within thirty days after the effective
date of the decision. Tex. Water Code Ann. § 5.351. West filed his petition for judicial review on
January 18, 2006, and the Sierra Club filed a separate petition for judicial review, joined by West
filing for a second time, on February 17, 2006. The district court determined that both petitions were
untimely, granted the Commission's pleas to the jurisdiction, (5) and dismissed appellants' suits for
want of jurisdiction. These appeals followed.

DISCUSSION


 In two issues, appellants contend that the district court erred in granting the
Commission's pleas to the jurisdiction and Abitibi's motion for summary judgment. Appellants
claim that the district court erred in determining that judicial review of the Commission's decision
and the proceedings leading up to that decision were governed by the water code and not the
Administrative Procedure Act ("APA") and that the district court erred in determining that it lacked
jurisdiction to consider appellants' petitions for judicial review.


Standard of review

 Whether the district court had subject matter jurisdiction over appellants' claims
presents a question of law that we review de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922,
928 (Tex. 1998). When reviewing a district court's ruling on a plea to the jurisdiction, we begin with
the pleadings and we look to the pleader's intent. Texas Dep't of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 226 (Tex. 2004). The pleader has the initial burden to allege facts that
affirmatively demonstrate the district court's jurisdiction to hear the cause. Id. We construe the
pleadings liberally in favor of jurisdiction and, unless the pleadings affirmatively negate the
existence of jurisdiction, the plaintiff should be given an opportunity to amend. Id. at 226-27.


Judicial review of the executive director's decision

 In their first issue, appellants argue that the APA provides an independent right to
judicial review of contested case decisions and that the district court's dismissal of their suits was
in error. We disagree.

 The supreme court held in Texas Natural Resource Conservation Commission
v. Sierra Club that "[a]n agency's enabling legislation determines the proper procedures for
obtaining judicial review of an agency decision." 70 S.W.3d 809, 811 (Tex. 2002) (citing Grounds
v. Tolar Indep. Sch. Dist., 707 S.W.2d 889, 891 (Tex. 1986), overruled in part on other grounds,
Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex. 2001)). We therefore look to the
Commission's enabling legislation to determine the proper procedures for judicial review. See id.

 Section 5.351 of the water code establishes the proper procedures for obtaining
judicial review of the Commission's decision in this case. (6) See Tex. Water Code Ann. § 5.351. That
section requires a person affected by the Commission's decision to file a petition for judicial review
"within 30 days after the effective date" of the decision. See id. Subject to constitutional and
statutory limitations, administrative agencies have discretion to set effective dates for their decisions
and orders. See Railroad Comm'n v. Lone Star Gas Co., 656 S.W.2d 421, 425-26 (Tex. 1983);
Heat Energy Advanced Tech. v. West Dallas Coalition for Envtl. Justice, 962 S.W.2d 288, 292-93
(Tex. App.--Austin 1998, pet. denied) (hereinafter "H.E.A.T."); Young Trucking, Inc. v. Railroad
Comm'n, 781 S.W.2d 719, 720-21 (Tex. App.--Austin 1989, no writ). By rule, the Commission has
established that, unless otherwise stated therein, a permit is effective when signed by the executive
director. See 30 Tex. Admin. Code § 50.135. Because it was not otherwise stated in the permit, the
Abitibi permit was effective the day it was signed by the executive director--December 9, 2005. 
See id. By statute then West and the Sierra Club were required to file their petitions for judicial
review within thirty days--or no later than January 8, 2006. See Tex. Water Code Ann. § 5.351.

 Appellants counter that section 5.351 does not govern judicial review in this instance
because the Abitibi application was a contested case and the APA provides an independent right
of judicial review in contested cases; therefore, the judicial review provisions of the APA, not the
water code, apply. In support of this argument, appellants rely on the supreme court's decision in
Texas Department of Protective and Regulatory Services v. Mega Child Care, Inc., 145 S.W.3d 170
(Tex. 2004). Appellants' reliance on Mega Child Care is misplaced. The supreme court, in Mega
Child Care, held that "section 2001.171 of the APA provides an independent right to judicial review
when an agency enabling statute neither specifically authorizes nor prohibits judicial review." Id.
at 197. In other words, the APA provides an independent right to judicial review when the agency's
enabling act is silent. See id. But the water code is not silent. The water code expressly provides
a right to judicial review of Commission decisions. See Tex. Water Code Ann. § 5.351. Because
the water code expressly provides a right to judicial review, the supreme court's holding in Mega
Child Care is inapposite.

 Appellants further argue that the APA applies because the Abitibi application was a
contested case, but this argument is without merit. Although we agree with appellants' general
assertion that the APA provides for judicial review of an agency's final decision in a contested case,
the Commission's approval of the Abitibi application was not a final decision in a contested case
within the meaning of the APA. For this reason, we conclude the water code, not the APA, governs
judicial review of the Commission's decision here.

 Section 2001.171 of the APA provides:


 A person who has exhausted all administrative remedies available within a state
agency and who is aggrieved by a final decision in a contested case is entitled to
judicial review under this chapter.



Tex. Gov't Code Ann. § 2001.171 (West 2000) (emphasis added). By its plain language, section
2001.171 provides a right to judicial review of final agency decisions only in contested cases. Id. 
The plain language of the water code, however, does not limit the right to judicial review of
Commission decisions only to contested cases. See Tex. Water Code Ann. § 5.351. The APA
defines "contested case" as "a proceeding, including a ratemaking or licensing proceeding, in which
the legal rights, duties, or privileges of a party are to be determined by a state agency after
an opportunity for adjudicative hearing." See Tex. Gov't Code Ann. § 2001.003(1) (West 2000). 
The APA also defines "party" as "a person or state agency named or admitted as a party." Id.
§ 2001.003(4) (West 2000).

 Appellants argue that once the Commission granted Ms. Atkinson's request for a
hearing and referred the Abitibi application to SOAH, there was an opportunity for an adjudicative
hearing and, therefore, the judicial review provisions in the APA attached. Having once attached,
appellants contend that the proceeding always remained subject to judicial review under the APA. 
Appellants' argument misses the mark because it fails to consider the withdrawal of Ms. Atkinson's
hearing request and the Commission's rule providing for remand of uncontested matters.

 The Commission granted only one hearing request--the request submitted by
Ms. Atkinson. When the Commission referred the Abitibi application to SOAH, Ms. Atkinson and
Abitibi were the only parties to the proceeding within the meaning of the APA. See id. Although
allowed by the Commission's rules, see 30 Tex. Admin. Code § 80.109 (2007) (designation of
parties), neither West nor the Sierra Club sought to be admitted as a party to the SOAH proceeding. 
Under the Commission's rules then, once Ms. Atkinson withdrew her request for a hearing, the ALJ
was required to grant Abitibi's request to cancel the hearing and remand the application to the
executive director, see id. § 80.101 (allowing for remand to executive director). Because the hearing
had been cancelled, the Abitibi application no longer satisfied the APA definition of a "contested
case." See Tex. Gov't Code Ann. § 2001.003(1).

 The legislature has required administrative agencies to adopt rules of practice and
procedure stating the nature and requirements of all available formal and informal procedures. Id.
§ 2001.004(1) (West 2000). In section 80.101 of its rules, the Commission has provided that, if
all timely hearing requests are withdrawn or denied or if all named parties reach a settlement and
no facts or issues remain controverted, the ALJ shall grant an applicant's request to remand
an application to the executive director and, after remand, the application shall be uncontested. See
30 Tex. Admin. Code § 80.101. The Commission granted only one request for a hearing, which was
later withdrawn, and no other parties had been named in the SOAH proceeding. As a result, the ALJ
was required to grant Abitibi's motion to remand the application to the executive director as an
uncontested matter. See id. In light of the Commission's rules, we reject appellants' argument that
once the Commission refers a matter to SOAH for a hearing, it retains the status of a contested case
within the meaning of the APA simply by virtue of the Commission's original referral.

 The Commission has complied with the legislature's directive to adopt rules stating
the nature and requirements of all formal and informal procedures. See Tex. Gov't Code Ann.
§ 2001.004(1). The record demonstrates that the Commission followed its rules. Because the
Commission's decision approving the Abitibi application was not "a final decision in a contested
case," we conclude that the APA provisions for judicial review in contested cases do not apply. See
id. § 2001.171 (providing "a person . . . who is aggrieved by a final decision in a contested case is
entitled to judicial review under this chapter.")


Timeliness of petitions for judicial review

 Having concluded that the water code, not the APA, governs judicial review of the
Commission's decision in these circumstances, we consider whether appellants properly invoked the
jurisdiction of the district court under the water code. See Tex. Water Code Ann. § 5.351. Section
5.351 required appellants to file their petitions for judicial review within thirty days of the effective
date of the Commission's decision. See id. Because the Commission's decision was effective
December 9, 2005, appellants' petitions were due on or before January 8, 2006. Although West and
the Sierra Club received notice of the executive director's decision, (7) neither West nor the Sierra Club
filed a timely petition for judicial review. West filed his initial petition for judicial review on
January 18, 2006--ten days after the deadline specified in the water code--and the Sierra Club filed
its petition for judicial review, joined by West, on February 17, 2006--more than one month after
the deadline specified in the water code.

 We conclude that both petitions for judicial review were untimely because they were
not filed within the thirty-day deadline specified in section 5.351 of the water code. (8) We likewise
conclude that appellants' failure to comply with this statutory prerequisite deprived the trial court
of jurisdiction to consider appellants' petitions for judicial review. See Tex. Gov't Code Ann.
§ 311.034 (statutory prerequisites in a suit against governmental entity are jurisdictional); Sierra
Club, 70 S.W.3d at 811 (agency's enabling act establishes proper procedure for obtaining judicial
review); Suchy v. Texas Nat. Res. Conservation Comm'n, No. 03-97-00714-CV, 1998 Tex. App.
LEXIS 7984, at *7-8 (Tex. App.--Austin 1998, no pet.) (not designated for publication) (holding
failure to comply with 30-day filing deadline in water code section 5.351 deprived the district court
of jurisdiction to consider suit for judicial review); see also Schroeder v. Texas Iron Works, Inc.,
843 S.W.2d 483, 486 (Tex. 1991) (holding filing deadline in the Texas Commission on Human
Rights Act, now chapter 21 of the labor code, is mandatory and jurisdictional); Texas Mun. League
v. Burns, 209 S.W.3d 806, 811-12 & n.9 (Tex. App.--Fort Worth 2006, no pet.) (holding filing
deadline in labor code section 410.252(a) is mandatory and jurisdictional). The district court
properly granted the Commission's pleas to the jurisdiction.


Error in the proceedings before the Commission and SOAH

 To the extent appellants complain that the Commission erred in denying their requests
for a contested case hearing, that the ALJ improperly remanded the Abitibi application to the
executive director as an uncontested matter, or that the ALJ's remand order deprived appellants of
the opportunity to seek admission as a party in the SOAH proceedings, none of these arguments
address appellants' failure to timely file their petitions for judicial review as required in section 5.351
of the water code. We conclude appellants' arguments are without merit.

 The Commission's denial of appellants' requests for a contested case hearing and the
ALJ's order remanding the Abitibi application to the executive director were interim orders not
subject to appeal or judicial review. (9) See City of Corpus Christi v. Public Util. Comm'n, 572 S.W.2d
290, 299-300 (Tex. 1978) (op. on reh'g) (recognizing "[c]oncern for efficient administrative
procedure requires consideration of the validity of interim orders only upon appeal from final
orders"). Each of these interim orders was subsumed within the Commission's final decision to
approve the permit application and subject to judicial review on appeal therefrom. See id. To obtain
judicial review of these interim orders, appellants were required to seek judicial review of the
Commission's final decision in compliance with section 5.351 of the water code. See id.; see also
Tex. Water Code Ann. § 5.351; Sierra Club, 70 S.W.3d at 811. Because appellants failed to seek
timely review of the Commission's final decision, we conclude that the district court lacked
jurisdiction to review these interim orders. See City of Corpus Christi, 572 S.W.2d at 299-300
(review of an agency's interim orders occurs upon review of its final decision). We overrule
appellants' first issue.


Abitibi's motion for partial summary judgment

 In their second issue, appellants argue that the district court improperly granted
Abitibi's motion for partial summary judgment based on lack of jurisdiction. In light of our
conclusion that there was no error in the district court's grant of the Commission's pleas to
the jurisdiction dismissing appellants' suits for lack of jurisdiction, we need not reach appellants'
second issue.

CONCLUSION


 Because appellants did not file their petitions for judicial review within the time
period required in section 5.351 of the water code, we conclude the district court properly granted
the Commission's pleas to the jurisdiction, and we affirm the district court's orders dismissing
appellants' suits for lack of jurisdiction.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: May 29, 2008

1. We granted the parties' motion to consolidate these appeals for the limited purposes of
briefing and submission on a joint administrative record and a joint reporter's record.
2. Section 5.115 of the water code defines the term "affected person." Tex. Water Code Ann.
§ 5.115(a) (West 2000). The statute provides:


 For the purpose of an administrative hearing held by or for the commission involving
a contested case, "affected person," or "person affected," or "person who may be
affected" means a person who has a personal justiciable interest related to a legal
right, duty, privilege, power, or economic interest affected by the administrative
hearing. An interest common to members of the general public does not qualify as
a personal justiciable interest. The commission shall adopt rules specifying factors
which must be considered in determining whether a person is an affected person in
any contested case arising under the air, waste, or water programs within the
commission's jurisdiction and whether an affected association is entitled to standing
in contested case hearings.


Id.
3. Act of May 30, 1999, 76th Leg., R.S., ch. 1350, § 2, 1999 Tex. Gen. Laws 4570, 4570-72.
4. In its order, the Commission denied all motions for reconsideration.
5. The district court also granted Abitibi's motion for partial summary judgment for lack of
jurisdiction.
6. Section 5.351 states:


 (a) A person affected by a ruling, order, decision, or other act of the commission
may file a petition to review, set aside, modify, or suspend the act of the
commission.


 (b) A person affected by a ruling, order, or decision of the commission must file
his petition within 30 days after the effective date of the ruling, order, or
decision. A person affected by an act other than a ruling, order, or decision
must file his petition within 30 days after the date the commission performed
the act.


Tex. Water Code Ann. § 5.351 (West 2000).
7. Although the notice of the executive director's decision sets forth the procedures for filing
a "motion to overturn" and requesting the Commission to review the executive director's decision,
it does not inform the recipient that, under the Commission's rules, filing a motion to overturn does
not affect the executive director's approval of the Abitibi application. See 30 Tex. Admin. Code
§ 50.139(d) (2007). Nor does the notice explain that in order to appeal the executive director's
decision a person must file a petition for review in district court as required under the water
code--i.e., within thirty days of the effective date of the executive director's decision. West and the
Sierra Club do not argue on appeal that the Commission's notice was defective, and we recognize
that both West and the Sierra Club are represented by counsel. We observe, however, that the
Commission's notice does not fully explain the range of options available to a person trying to
protest an application pending before the Commission, much less the impact of each available
option. The record reflects that West and the Sierra Club filed motions to overturn with the
Commission but did not file their petitions for judicial review until after the motions to overturn
were overruled by operation of law. Had West and the Sierra Club been fully apprised of the range
of options available to them and the effects of each option, they may have decided to forego the
filing of a motion to overturn in favor of a timely petition for judicial review. As a practical matter,
appellants could have done both. See, e.g., Heat Energy Advanced Tech. v. West Dallas Coalition
for Envtl. Justice, 962 S.W.2d 288, 293 (Tex. App.--Austin 1998, pet. denied) (concluding that
petition for judicial review filed within section 5.351's thirty-day time period properly invoked
district court's jurisdiction even if motion for rehearing was required under the APA).
8. To the extent appellants' brief can be construed to claim that the filing of a motion to
overturn extended appellants' deadline to file their petitions for judicial review, we reject that
argument. Appellants were required to file their petitions for judicial review within thirty days after
the effective date of the Commission's decision. See Tex. Water Code Ann. § 5.351. Nothing in
the water code allows this deadline to be extended, and the plain language of the Commission's rules
provides that, unless expressly ordered by the Commission, a motion to overturn does not affect the
executive director's action. See 30 Tex. Admin. Code § 50.139(d). Appellants do not contend, and
nothing in the record shows, that the Commission entered an express order to the contrary.
9. Even were we to hold that these interim orders were subject to judicial review under the
water code, appellants do not argue that their petitions for judicial review challenged each of these
orders in a timely manner or otherwise satisfied the requirements in section 5.351 of the water code.