# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00113-CV

**Texas Commission on Environmental Quality and
Republic Waste Services of Texas, Ltd., Appellants**

**v.**

**The City of Aledo and The City of Willow Park, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GV-12-000220, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The Texas Commission on Environmental Quality and Republic Waste Services of Texas, Ltd. appeal the trial court's judgment in a suit filed by the City of Aledo and the City of Willow Park (the Cities) seeking judicial review of the Commission's final order issuing to Republic a permit to construct and operate a new municipal solid waste transfer station in eastern Parker County. At a preliminary hearing conducted by the State Office of Administrative Hearings (SOAH), the Cities were denied party status in the contested case to consider issuance of the permit. In their petition to the district court, the Cities contended that they were improperly denied party status and that, accordingly, the Commission's issuance of the permit was reversible error. The trial court agreed and reversed the Commission's final order, vacated Republic's permit, and remanded the matter to the Commission. For the following reasons, we reverse the district court's judgment and render judgment affirming the Commission's final order issuing the permit.

## BACKGROUND

Republic applied for a permit from the Commission to construct and operate a municipal solid-waste transfer station,[1] the Brazos Transfer Station. Republic planned to construct the transfer station in an industrial subdivision in Parker County, outside the city limits of any city but within Willow Park's extraterritorial jurisdiction (ETJ), and planned to have buffer zones—areas free from processing activities—around the facility between 95 and 400 feet wide.

After determining Republic's permit application to be administratively complete, the Commission referred the application to SOAH for a contested case. As required by law and Commission rules, Republic published notice in local newspapers and to interested persons, including the Cities, that SOAH would conduct a "contested case hearing . . . similar to a civil trial in state district court" and provided that "[t]o request to be a party, you must attend the hearing and show you would be adversely affected by the application in a way not common to members of the general public." On the date specified in the notice, SOAH held a preliminary hearing in Parker County to hear requests of people seeking to be admitted as parties to the contested-case proceeding and to establish a procedural schedule.

As representatives and on behalf of their respective cities, the mayors of Aledo and Willow Park, along with other persons and entities who opposed the transfer station, appeared at the hearing and requested party status. After listening to each requestor's testimony, the administrative law judge (ALJ) granted party status to twelve requestors, but denied the requests by the mayors of

---

[1] A transfer station is a facility where waste is unloaded from collection vehicles and briefly held until it is reloaded onto larger long-distance transport vehicles for shipment to landfills or other treatment or disposal facilities.

Aledo and Willow Park. The ALJ denied the Cities party status on two grounds: (1) neither had demonstrated a justiciable interest in the permit application and (2) neither had demonstrated its mayor's requisite authority to represent it in the proceedings.

The ALJ conducted a full evidentiary hearing several months later, after which he recommended that the Commission grant the Brazos Transfer Station permit. The Cities filed exceptions to the ALJ's recommendation, arguing that he had improperly denied them party status. The Commission followed the ALJ's recommendation with some modifications and issued its final order and permit. The Cities filed motions for rehearing with the Commission, again alleging error in the denial of party status. The motions were overruled by operation of law.

The Cities filed suit in Travis County District Court challenging the Commission's order based on their exclusion from party status. The trial court issued a judgment reversing the order, vacating Republic's permit, and remanding the matter to the Commission with instructions for a new preliminary hearing. In its judgment, the trial court identified no specific reasons for its reversal of the Commission's final order. However, in a letter ruling to the parties, the trial court indicated that it was relying, in part, on its sua sponte determination that the ALJ had violated the Cities' due-process rights by, among other errors, not permitting the admission of documentary evidence at the preliminary hearing. In its final order vacating the Commission's permit, the trial court further ordered that should Republic wish to continue to pursue its permit application, "an evidentiary hearing must be held before [SOAH] at which [the Cities] will be entitled to present evidence relevant to determination of their status as affected persons entitled to participate as parties in any contested case hearing on the [permit] application." Both the Commission and Republic appealed the judgment.

**DISCUSSION**

*Jurisdiction*

In its first issue, Republic challenges the subject-matter jurisdiction of the district court to consider the Cities' petitions, arguing that because the Cities were not admitted as parties to the contested-case proceeding from which they sought to appeal, they had not met (and could not have met) the statutory prerequisites to filing an appeal under the Administrative Procedure Act (APA). *See* Tex. Gov't Code §§ 2001.003 (defining "party" as "person or state agency named or admitted as a party" in contested case), .145(a) (motion for rehearing is prerequisite to administrative appeal), .146(a) (motion for rehearing must be filed by "party"). Republic argues that because only "parties" may file motions for rehearing and the Cities, by definition, were not "parties" under the APA, their purported motions were nullities and did not fulfill the mandatory statutory prerequisite to appeal. Having thus failed to exhaust their administrative remedies, Republic continues, the Cities are not entitled to judicial review of the Commission's order. *See Temple Indep. Sch. Dist. v. English*, 896 S.W.2d 167, 169 (Tex. 1995) (failure to timely file motion for rehearing deprives district court of jurisdiction to review agency's decision on appeal).

The Cities respond that section 5.351 of the Water Code governs jurisdiction over their administrative appeal and that we must look to that statute for the parameters of entitlement to judicial review. *See Hooks v. Texas Dep't of Water Res.*, 611 S.W.2d 417, 419 (Tex. 1981) (judicial-review provisions of APA and Water Code should be read in conjunction and in harmony with each other, and section 5.351 entitles person "affected" by agency action to judicial review); *see also* Tex. Water Code § 5.351(a) ("A person affected by a ruling, order, decision, or other act of the

4

commission may appeal the action by filing a petition in a district court of Travis County."); *Texas Natural Res. Conservation Comm'n v. Sierra Club*, 70 S.W.3d 809, 811 (Tex. 2002) (if agency's enabling statute specifically authorizes judicial review, its provisions govern procedures applicable to judicial review of agency decision). The Cities argue that because section 5.351 does not limit appeals to "parties" as does the APA, they are entitled to appeal despite not being admitted as parties in the contested case. We agree with the Cities.

This Court has repeatedly allowed persons to appeal Commission actions without having been designated as "parties" to proceedings at the agency, specifically when we have considered whether a person was properly denied a contested-case hearing on the basis of a determination that it was not an "affected party." *See Sierra Club v. Texas Comm'n on Envtl. Quality*, 455 S.W.3d 214, 222-23 (Tex. App.—Austin 2014, pet. filed) (reviewing Commission's determination that entity was not "affected person" and resultant denial of entity's request for contested-case hearing under substantially similar statute in Health and Safety Code creating right to judicial review); *United Copper Indus., Inc. v. Grissom*, 17 S.W.3d 797, 803-04 (Tex. App.—Austin 2000, pet. dism'd) (same); *Heat Energy Advanced Tech., Inc. v. West Dallas Coal. for Envtl. Justice*, 962 S.W.2d 288, 290-92 (Tex. App.—Austin 1998, pet. denied) (entity denied opportunity to participate in contested-case proceeding on basis of Commission's determination that it was not "affected person" had standing to challenge said action in suit for judicial review under Water Code section 5.351); *cf. Coastal Habitat Alliance v. Public Util. Comm'n of Tex.*, 294 S.W.3d 276, 282 (Tex. App.—Austin 2009, no pet.) (where PURA was not silent on entitlement to judicial review and permitted only "parties" to contested-case proceeding to obtain judicial review, entity denied

5

right to intervene in agency proceedings had no right to judicial review). In light of Water Code section 5.315's grant of judicial review and this case law, we reject Republic's argument that because the Cities were not "parties" to the contested-case proceeding, they were not entitled to judicial review. We overrule Republic's first issue and conclude that the district court had subject-matter jurisdiction over the Cities' petition for judicial review.

### *Denial of party status*

Joining in their third issues, appellants contend that the trial court erred in reversing the Commission's final order because the Commission did not commit any reversible error in denying party status to the Cities and issuing the permit. *See* Tex. Gov't Code § 2001.174(2) (providing list of reversible errors for judicial review of agency decision in contested case). The Cities respond that the Commission committed legal error and acted arbitrarily and capriciously in accepting the ALJ's determination that the Cities were not entitled to party status and that, accordingly, the trial court properly reversed the Commission's order and remanded the case for further proceedings. *See id.* (court must reverse and remand case for further proceedings if substantial rights of appellant have been prejudiced because administrative conclusions or decisions are affected by error of law or are arbitrary and capricious). An agency acts arbitrarily and thus abuses its discretion if in making a decision it commits any of the following errors: (1) omits from its consideration a factor that the legislature intended the agency to consider in the circumstances; (2) includes in its consideration an irrelevant factor; or (3) reaches a completely unreasonable result after weighing only relevant factors. *Sierra Club*, 455 S.W.3d at 223; *Reliant Energy, Inc. v. Public Util. Comm'n of Tex.*, 62 S.W.3d 833, 841 (Tex. App.—Austin 2001, no pet.).

6

As set out in the Water Code, the Commission is statutorily mandated to adopt rules specifying factors "which must be considered in determining whether a person is an affected person in any contested case arising under the air, waste, or water programs within the [C]ommission's jurisdiction and whether an affected person is entitled to standing in contested case hearings." Tex. Water Code § 5.115(a). That same section defines an "affected person" as someone "who has a personal justiciable interest related to a legal right, duty, privilege, power, or economic interest affected by the administrative hearing." *Id.* The section further specifies that "[a]n interest common to members of the general public does not qualify as a personal justiciable interest." *Id.* These same definitions are mirrored in the Commission's rules and made to explicitly apply in the context of permit applications and the determination of whether a person is "affected." *See* 30 Tex. Admin. Code § 55.203(a), (b) (2015) (Tex. Comm'n on Environmental Quality, Determination of Affected Person).

The Commission has adopted a list of non-exclusive factors that it must consider in determining whether a person is "affected":

(1) whether the interest claimed is one protected by the law under which the application will be considered;

(2) distance restrictions or other limitations imposed by law on the affected interest;

(3) whether a reasonable relationship exists between the interest claimed and the activity regulated;

(4) likely impact of the regulated activity on the health and safety of the person, and on the use of property of the person;

(5) likely impact of the regulated activity on use of the impacted natural resource by the person; and

(6) for governmental entities, their statutory authority over or interest in the issues relevant to the application.

7

*Id.* (c).

Beyond this list of factors and the requirement that a person demonstrate a "personal justiciable interest . . . not common to members of the general public," neither the Water Code nor any Commission rules specify any particular procedure by which the Commission or an ALJ must make the "affected person" determination regarding whether to admit a person as a party when the Commission directly refers a permit application to SOAH for a contested-case hearing on the merits. *Cf.* 30 Tex. Admin. Code §§ 55.201(c), (d), .209(c)-(e) (person requesting contested-case hearing must file written request identifying person's justiciable interest, including "brief, but specific, written statement explaining in plain language the requestor's location and distance relative to the proposed facility or activity that is the subject of the application and how and why the requestor believes he or she will be adversely affected by the proposed facility or activity in a manner not common to members of the general public"). However, even in the situation of a direct referral to SOAH for a contested-case hearing (as was the case here), a person seeking to be admitted as a party nevertheless has the burden of making a minimum jurisdictional showing of a "justiciable interest." *See Heat Energy*, 962 S.W.2d at 295 (to be "affected person" entitled to participate in contested case, party must show that it will potentially suffer harm or has justiciable interest related to proceedings). While the showing of such interest need not be in writing (as opposed to the situation when a person requests that the Commission hold a contested-case hearing), the only reasonable interpretation of the applicable Commission rules and Water Code sections squarely places that burden of a showing on the requesting person. *See* Tex. Water Code § 5.115(a) (defining affected person); 30 Tex. Admin. Code § 55.203(a), (b) (same).

8

Moreover, the statutorily mandated notice that was issued to the Cities and other potentially affected parties indicated such burden ("To request to be a party, you must attend the hearing and *show you would be adversely affected* by the application *in a way not common to members of the general public*." (emphasis added)). While the Commission is required to consider all of the relevant factors that are raised by a person seeking party status, the Cities have pointed to no rule or statute requiring the Commission to request information from a hopeful "affected person" on any one or more of the factors if such information is not offered. That burden of offering evidence to support a showing on any given factor must necessarily rest on the person seeking to be admitted as a party. If no showing is made on any one or more of the factors, there is nothing in the statutes or rules placing the burden on the Commission or ALJ to draw out from the person such information. With this discussion of Cities' minimum required showing, we turn to a review of the administrative record.

At the beginning of the preliminary hearing, the ALJ explained that those seeking party status would "need to be able to demonstrate that [they] have an interest that is more directly or more significantly affected than the public" and explain why they should be granted party status and that Republic and others would then have the opportunity to ask questions of the persons seeking party status. Aledo and Willow Park were not represented by counsel at the hearing but were represented by their respective mayors, appearing pro se on behalf of the cities.[2]

---

[2] While the Commission makes passing reference in its brief to the rule in judicial proceedings that a non-attorney may not appear in a representative capacity, it acknowledges that no rules or statutes require organizations to be represented by counsel at administrative proceedings. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (generally corporations may be represented only by licensed attorney in judicial proceedings).

9

The record shows that Aledo's mayor, Kit Marshall, made the following representations to the ALJ regarding Aledo's interest in the permit application: an elementary school located within its city limits is about 1/2 mile from the proposed site; the residents who were granted party status live within its extra-territorial jurisdiction (ETJ); the city has the duty to provide services to areas within its ETJ and that residents within its ETJ have the capability to request annexation in the future; the city has platting authority within the ETJ; and the city has "health and safety issue concerns" about the proposed facility.[3] Marshall referenced a resolution passed by the city council that "pretty well establishes the reasons we would seek party status" and that allegedly spoke to the "health and safety" issues involved. However, while Marshall offered to "read the resolution," she did not in fact read it, seek to admit it into evidence, or further elaborate on any of the "reasons" for which the City sought party status.

The record shows that Willow Park's mayor, Kenneth Hawkins, made the following representations to the ALJ regarding Willow Park's interest in the permit application: city-owned properties in its ETJ contain water wells or proposed water wells, and such properties are as close as 1/2 mile from the proposed site; the proposed site is within its ETJ; the facility would "cause a high density volume of traffic to flow through [the City's] main economic corridor"; and that "there is a traffic safety issue because of the traffic problems [the City has] already." Like Aledo's mayor, Hawkins also did not attempt to offer any demonstrative or other evidence at the hearing beyond this testimony.

---

[3] Aledo's mayor also represented that the Aledo ISD (which was admitted as a party) would adequately represent its interests in the contested-case proceedings.

While the Cities complain on appeal about the ALJ's blanket refusal at the beginning of the preliminary hearing to admit any documentary evidence into the record—allowing such evidence for demonstrative purposes only—neither city attempted to offer any evidence into the record for any purpose or objected to the ALJ's decision on the matter. They have, therefore, waived this issue on appeal. *See El Paso Elec. Co. v. Public Util. Comm'n of Tex.*, 917 S.W.2d 846, 861 (Tex. App.—Austin 1995, writ dism'd by agr.) (failure to make evidentiary objection at administrative hearing waives complaint in suit for judicial review). Furthermore, we have held that there is no express right to an evidentiary hearing on the issue of "affected person" status as long as the requestor was afforded its rights to express its dissatisfaction with the proposed permit and the agency did not refuse to consider evidence offered in support of that dissatisfaction. *See Sierra Club*, 455 S.W.3d at 224. Despite the unobjected-to refusal of the ALJ to admit documentary evidence into the record, there is no indication that he refused to consider any evidence that the Cities offered to support their respective "affected persons" showings.

It is true that very early into Marshall's testimony, counsel for Republic raised the issue of whether the city council had specifically authorized the mayor to seek party status and cross-examined her on that topic. Republic's counsel argued to the ALJ that the Cities needed explicit authority from their respective councils to seek party status, arguing that the authority the mayors had received in council resolutions to oppose the permit by "any means possible" was not enough. Because of this argument, the parties focused the party-status determination henceforth primarily on this issue of explicit representative authority rather than their justiciable interests. Nevertheless, neither city took the opportunity to elaborate on its alleged legally protected interests and how those were not common to members of the general public.

11

The above-cited representations constituted the entirety of both mayors' allegations about the Cities' justiciable interests at the preliminary hearing. That neither City was represented by counsel at the preliminary hearing does not excuse them from making the minimum threshold showing of a justiciable interest. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) (pro se litigants are held to same standards as licensed attorneys and must comply with applicable laws and rules of procedure). Although the ALJ ruled that he would not admit documentary evidence at the preliminary hearing, he did allow various forms of evidence from other parties for demonstrative purposes, and nothing prevented the mayors from relying on any evidence not formally admitted in making their cases (for instance, referring to and reading a city council resolution outlining concerns with the proposed permit).

In light of the minimal showings that each mayor made, we hold that the ALJ did not act arbitrarily or abuse his discretion in concluding that neither city had a justiciable interest. Simply put, neither city sufficiently demonstrated that any legally protected interests would likely be affected by issuance of the permit or how those interests were not common to members of the general public. Accordingly, the Commission did not err in determining that, on this record, the Cities did not meet the threshold jurisdictional standing requirement to be granted party status. *See West v. Texas Comm'n on Envtl. Quality*, 260 S.W.3d 256, 263-64 (Tex. App.—Austin 2008, pet. denied) (interim orders of ALJ are subsumed within final order of Commission and appealable only when final order becomes appealable). We sustain Republic and the Commission's third issues.

12

*The mayors' authority to seek party status on behalf of the Cities*

The Cities contend that the district court properly reversed the Commission's final order because the Commission erred in finding that the mayors did not have authority to seek party status on behalf of their respective cities and that the ALJ abused his discretion in denying the Cities provisional party status and a continuance to seek proper authorization from their city councils. However, the ALJ denied party status on the basis of two determinations—that the mayors had not shown that they were authorized representatives permitted to seek party status on behalf of the Cities and that they had not identified a justiciable interest—and we may affirm the Commission's order on the basis of either of those determinations, even if the other was erroneous. *See Sensitive Care, Inc. v. Texas Dept. of Human Servs.*, 926 S.W.2d 823, 828 (Tex. App.—Austin 1996, no writ) ("It is . . . a general rule of administrative law that a reviewing court must uphold an agency decision on any legal basis shown in the record, even though the agency may have stated an erroneous reason for its decision."). Because the ALJ properly denied party status to the Cities on the basis of their failure to demonstrate a justiciable interest, we need not reach the propriety of his denial on the basis of the mayors' authority to seek party status or his denial of a continuance and provisional status. Because of our disposition of the Commission and Republic's third issues, we need not reach the parties' remaining issues on appeal.

## CONCLUSION

The district court erred in reversing and vacating the Commission's order issuing Permit No. MSW-2356 to Republic. Accordingly, we reverse the district court's final judgment

13

and render judgment affirming the Commission's final order and issuance of said permit in Docket No. 2009-2058-MSW.

_____

David Puryear, Justice

Before Chief Justice Rose, Justices Puryear and Goodwin

Reversed and Rendered

Filed:   July 8, 2015