TEXAS NATURAL RESOURCE CONSERVATION COMMISSION, Petitioner,

v.

SIERRA CLUB and Downwinders at Risk, Respondents.

No. 00–1145.

Supreme Court of Texas.

Argued Nov. 6, 2001.

Decided Feb. 21, 2002.

Cynthia Woelk, Brian E. Berwick, Karen Watson Kornell, John Cornyn, Jeffrey S. Boyd, Nancy Olinger, Idolina Garcia McCullough, Office of Atty. Gen., Austin, for Petitioner.

Julie Caruthers Parsley, Office of the Solicitor General, Austin, for Petitioner.

Stuart N. Henry, Henry & Levin, Austin, for Respondent.

HANKINSON, Justice.

In this case, we decide whether the Solid Waste Disposal Act, Texas Health & Safety Code § 361.321, and the Administrative Procedure Act, Texas Government Code § 2001.176, require a party appealing a Texas Natural Resource Conservation Commission (TNRCC) order under the Solid Waste Disposal Act to serve citation on each party of record to the administrative proceeding. The trial court concluded that because respondents, Sierra Club and Downwinders at Risk, did not serve citation on each party of record, they failed to meet the statutory prerequisites to suit. The trial court therefore dismissed the appeal for want of subject-matter jurisdiction. Although the court of appeals agreed that the applicable statutes require citation on all parties, it reversed and remanded, concluding that the respondents' failure to comply with the statutory prerequisites does not implicate subject-matter jurisdiction. 26 S.W.3d 684. We hold that the Solid Waste Disposal Act requires service of citation on the TNRCC, but that neither the Solid Waste Disposal Act nor the APA requires serving citation on each party of record. Because the respondents complied with the applicable statutory service requirements, we affirm the court of appeals' judgment.

TXI Operations, L.P., applied to the TNRCC for a permit to burn solid waste in its Midlothian cement kilns. Following a contested-case hearing in which Sierra Club, Downwinders at Risk, TNRCC's public interest counsel, and seven individuals also participated, the TNRCC granted the permit. Sierra Club and Downwinders at Risk (Sierra Club) then filed a petition for judicial review in district court, naming the TNRCC as the sole defendant. Sierra Club served the TNRCC with citation and mailed copies of the petition to the attorneys or representatives of TXI and the other parties.

The TNRCC filed a plea to the jurisdiction, contending that the Solid Waste Disposal Act § 361.321(c) and the APA § 2001.176(b)(2) required Sierra Club to serve a copy of the petition and citation on all parties to the agency proceeding. According to the TNRCC, because Sierra Club did not satisfy these statutory prerequisites, the trial court lacked jurisdiction. The trial court agreed, granted the TNRCC's plea to the jurisdiction, and dismissed the case for want of subject-matter jurisdiction. The court of appeals reversed and remanded, concluding that Sierra Club's failure to meet the statutory prerequisites is not a defect that affects the court's subject-matter jurisdiction under this Court's recent holding in *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71 (Tex. 2000). 26 S.W.3d at 687–88. We granted the TNRCC's petition for review.

■■■ Sierra Club disputes the TNRCC's decision approving TXI's permitting application under the Solid Waste Disposal Act. An agency's enabling legislation determines the proper procedures for obtaining judicial review of an agency decision. *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889, 891 (Tex.1986), *overruled in part on other grounds*, *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000). Section 361.321 of the Solid Waste Disposal Act authorizes the judicial review Sierra Club seeks and provides the requirements for it:

> (a) A person affected by a ruling, order, decision, or other act of the commission may appeal the action by filing a petition in a district court of Travis County.
>
> . . . .

(c) Except as provided by Section 361.322(a)[not applicable here], the petition must be filed not later than the 30th day after the date of the ruling, order, decision, or other act of the governmental entity whose action is appealed. Service of citation must be accomplished not later than the 30th day after the date on which the petition is filed.

TEX. HEALTH & SAFETY CODE § 361.321. The APA imposes additional requirements on those affected by agency decisions. TEX. GOV'T CODE §§ 2001.171–.178. Thus any Solid Waste Disposal Act requirements must be read in conjunction with the APA provisions governing judicial review of contested cases. *See Grounds,* 707 S.W.2d at 891–92 (reading the Term Contract Nonrenewal Act in conjunction with the Administrative Procedure and Texas Register Act to determine whether the plaintiff complied with all prerequisites to judicial review). APA § 2001.176 provides those judicial-review requirements:

(b) Unless otherwise provided by statute:

(1) the petition must be filed in a Travis County district court;

(2) a copy of the petition must be served on the state agency and each party of record in the proceedings before the agency; and

(3) the filing of the petition vacates a state agency decision for which trial de novo is the manner of review authorized by law but does not affect the enforcement of an agency decision for which another manner of review is authorized.

TEX. GOV'T CODE § 2001.176(b). By its express terms, these requirements apply only if not "otherwise provided by statute."

*Id.* Consequently, in deciding whether Sierra Club complied with the judicial-review prerequisites in this case, we must first look to the Solid Waste Disposal Act. To the extent that the APA conflicts with the Solid Waste Disposal Act, the Solid Waste Disposal Act controls. But when there is no conflict, we give effect to both. *See Grounds,* 707 S.W.2d at 892.

The TNRCC argues that "[s]ervice of citation must be accomplished not later than the 30th day after the date on which the petition is filed" under the Solid Waste Disposal Act, but because the Act does not state upon whom citation is to be served, we must look to the APA, which states that "a copy of the petition must be served on the state agency and each party of record in the proceedings before the agency." *See* TEX. HEALTH & SAFETY CODE § 361.321(c); TEX. GOV'T CODE § 2001.176(b)(2). Giving effect to both statutes, the TNRCC contends, leads to the conclusion that Sierra Club was required to serve citation on the TNRCC and all parties of record.

Sierra Club responds that APA § 2001.176 requires service of the petition-*not citation—on the TNRCC and each party of record, and that the Solid Waste Disposal Act required it to serve citation only upon the TNRCC. Sierra Club also argues that requiring service of citation upon parties who are not defendants to the contested-case hearing is inconsistent with Texas Rule of Civil Procedure 99, which states that citation is directed to a defendant. Finally, Sierra Club argues that the clear purpose of section 2001.176 is to provide participants in the contested-case proceeding with notice so that they may intervene in the court proceeding and that serving a copy of the petition on those parties accomplishes this purpose.

■ We agree with Sierra Club. The Solid Waste Disposal Act requires "service of citation" when review is sought in district court. TEX. HEALTH & SAFETY CODE § 361.321(c). Under the Texas Rules of Civil Procedure, which govern civil actions in the district courts, the proper procedures for "serving" a party depend upon the nature of the service and what is being served. *See* TEX.R. CIV. P. 2, 21, 21a, 103–109a. Rules 103–109a provide formal requirements for serving citation. *See* TEX.R. CIV. P. 103 (describing who may serve citation); TEX.R. CIV. P. 106 (providing method-of-service requirements); TEX.R. CIV. P. 107 (requiring verified return of citation by officer or other authorized person who executes citation); TEX.R. CIV. P. 108 (providing particular rules for nonresident or absent defendants); TEX.R. CIV. P. 108a (providing specific rules for service in foreign countries); TEX.R. CIV. P. 109 (requiring service of citation by publication when attempts to serve a defendant have been unsuccessful); TEX.R. CIV. P. 109a (allowing court to substitute service method other than publication if certain conditions are satisfied). To serve items other than citation, however, parties may rely on rules 21 and 21a, which require service of every "notice" required by the rules and "every pleading, plea, motion, or other form of request required to be served ... other than the citation to be served upon the filing of a cause of action." TEX.R. CIV. P. 21a; *see also* TEX.R. CIV. P. 21 (requiring every pleading, plea, motion, or application to the court for an order to be filed with the clerk of court and served on all other parties). Those rules provide less formal service requirements. *See* TEX.R. CIV. P. 21a (providing that items other than citation may be served by delivering a copy to the party or the party's authorized agent or attorney of record, "either in person or by agent or by courier receipted delivery or by certified or registered mail" or "by telephonic document transfer to the recipient's current telecopier number, or by such other manner as the court in its discretion may direct."). Thus citation differs from mere notice. *Perez v. Perez,* 59 Tex. 322, 324 (1883) ("The words *citation* and *notice* are by no means synonymous.... A notice is much less formal."); *Gilbert v. Lobley,* 214 S.W.2d 646, 650 (Tex.Civ.App.-Fort Worth 1948, no writ)("[N]otice is much less formal than a legal citation bearing a seal, and they are also distinguishable in the manner in which each may be served."). In addition, a "citation" is directed to the defendant, telling the defendant that he or she has been sued and commanding the defendant to appear and answer the opposing party's claims. *See* TEX.R. CIV. P. 99. "Service of citation" is therefore a term of art that describes the formal process by which a party is informed that it has been sued. *See Stephenson v. Corporate Servs. Inc.,* 650 S.W.2d 181, 184 (Tex.App.-Tyler 1983, writ ref'd n.r.e.). Accordingly, whether Sierra Club served citation on the proper parties requires identifying the proper defendant to the district court proceeding.

■ Under the Solid Waste Disposal Act, the TNRCC, whose ruling is to be appealed under section 361.321, is the proper defendant. The Act establishes a regulatory scheme "to safeguard the health, welfare, and physical property of the people and to protect the environment by controlling the management of solid waste." TEX. HEALTH & SAFETY CODE § 361.002(a). Under the specific statutory powers and duties granted to it, the TNRCC regulates various aspects of solid-waste management. *Id.* §§ 361.011–.754.

In this case, the TNRCC is enforcing this regulatory scheme. *See id.* § 361.061 (stating the TNRCC's responsibility for issuing permits authorizing and governing "the construction, operation, and maintenance of the solid waste facilities used to store, process, or dispose of solid waste"). Section 361.321(a) of the Solid Waste Disposal Act allows "a person affected by a ruling, order, decision, or other act of the commission" to appeal the action in a Travis County district court. *Id.* § 361.321(a). This provision contemplates that the TNRCC must be named as a defendant. *See* Tex. Gov't Code § 311.023 (providing that in construing a statute, the court may consider the object sought to be attained); Charles H. Koch, Jr., Administrative Law and Practice § 8.22[4] (2d ed.1997) (explaining that the agency is usually the party required to answer a petition and justify its actions). Thus we construe section 361.321(c) to require service of citation on the TNRCC. Because APA § 2001.176(b) conflicts with this provision by requiring "a copy of the petition" to be "served on the state agency," Solid Waste Disposal Act § 361.321(c) controls the service requirements that apply to the TNRCC in this proceeding. *See* Tex. Gov't Code § 2001.176(b) (providing that APA's service-of-petition requirements apply "[u]nless otherwise provided by statute.").

Although the Solid Waste Disposal Act requires service of citation on the TNRCC, it does not require service of citation on all parties of record to the agency proceedings. Nor does section 361.321 or any other provision in the Solid Waste Disposal Act require a party appealing a TNRCC action in this context to join all other parties of record as defendants. Similarly, the APA does not require serving citation on all parties of record. APA § 2001.176

states that "a copy of the petition must be served on the state agency and each party of record in the proceedings before the agency." Tex. Gov't Code § 2001.176(b)(2). Thus unlike the citation requirement it imposed in the Solid Waste Disposal Act, the Legislature chose to require only service of a "copy of the petition" in the APA—not "service of citation." *Id.; See* Model State Admin. Procedure Act § 5–110 cmt. (1981)(explaining that service upon the agency is different from notification to all other parties to any agency adjudicative proceedings).

In sum, although Solid Waste Disposal Act § 361.321(c) dictates that citation be served on the TNRCC, it is silent about serving the other parties of record. APA § 2001.176(b)(2) conflicts with Solid Waste Disposal Act § 361.321(c) as to the service requirements that apply to the TNRCC, but not as to the parties of record. Therefore, the Solid Waste Disposal Act controls as to the TNRCC and requires citation, while the APA controls as to the other parties of record and requires service of a copy of the petition—not citation—on those parties. We disapprove of *Employees' Retirement System of Texas v. McKillip*, 956 S.W.2d 795 (Tex.App.-Austin 1997, no pet.), to the extent that it held that APA § 2001.176(b)(2) requires service of citation.

Sierra Club timely served the TNRCC with citation and mailed copies of the petition to the attorneys or representatives of TXI and the other parties. Accordingly, Sierra Club complied with the applicable statutes as to not only the TNRCC, but also each party of record, and the trial court should not have dismissed this case for want of jurisdiction. Because we conclude that Sierra Club complied with the statutory service requirements, we need

not reach the jurisdictional issue addressed by the court of appeals. We affirm the court of appeals' judgment.