Opinion issued December 28, 2006









 






In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01110-CV






LUCILLE R. KELLEY, Appellant


V.


TEXAS WORKFORCE COMMISSION; DIANE D. RATH, CHAIR; RON
LEHMAN, COMMISSIONER; RONALD G. CONGLETON,
COMMISSIONER; HUMBLE INDEPENDENT SCHOOL DISTRICT; DR.
MARY WIDMIER; AND ALICIA BOSTON-MACE, Appellees






On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 2004-41517






MEMORANDUM OPINION

 After the Texas Workforce Commission ("the Commission") denied appellee
Lucille R. Kelley's applications (claim numbers 551552 and 551569) for
unemployment benefits, Kelley sought judicial review of the Commission's decisions
in Harris County district court. The Commission filed a plea to the jurisdiction,
which the trial court granted. This appeal followed. See Tex. Civ. Prac. &
Rem.Code Ann. § 51.014(a)(8) (Vernon Supp. 2006). We affirm.

BACKGROUND

 A party seeking judicial review of a Commission decision must bring her action
not later than 14 days after the Commission's decision becomes final. Tex. Lab.
Code Ann. § 212.201(a) (Vernon 1996). A Commission decision becomes final 14
days after it is mailed to the parties. Id. § 212.153 (Vernon 1996). 

Claim numbers 551552 and 551569

 The Commission mailed its final decision in claim numbers 551552 and
551569 on July 27, 2004. Thus, the decision in these claims became final 14 days
later, on August 10, 2004. Accordingly, Kelley was required to seek judicial review
of the Commission's decision in these claims by August 24, 2004--14 days after the
Commission's decision became final.

Kelley's Lawsuit

 Kelley's suit for judicial review was filed on August 4, 2004. The suit did not
name Humble Independent School District ["the District"] as a defendant, even
though the District, Kelley's former employer, had been a defendant in the earlier
proceedings before the Commission. On December 20, 2004, Kelley amended her
petition to include the District as a defendant.

The Plea to the Jurisdiction

 The Commission filed a plea to the jurisdiction contending (1) that Kelley's
August 4, 2004 petition did not properly invoke the jurisdiction of the trial court
because it failed to name the District as a defendant, and (2) that Kelley's attempt to
amend her petition on December 20, 2004, came too late. The Commission's plea is
based upon section 212.201 of the Texas Unemployment Act, which provides:

 (a) A party aggrieved by a final decision of the commission may obtain
judicial review of the decision by bringing an action in a court of
competent jurisdiction for review of the decision against the commission
on or after the date on which the decision is final, and not later than the
14th day after that date.


 (b) Each other party to the proceeding before the commission must be 
made a defendant in an action under this subchapter.


Tex. Lab. Code Ann. § 212.201 (Vernon 1996). The trial court granted the
Commission's plea to the jurisdiction.

PLEA TO THE JURISDICTION

 Whether a district court has subject-matter jurisdiction is a question of law,
which we review de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928
(Tex. 1998).


Is section 212.201 jurisdictional?

 We must begin our analysis by first determining whether compliance with the
provisions of section 212.201 is jurisdictional. Failure of a party to comply with
statutory requirements is not necessarily an absolute bar to review of an agency
determination. Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex.2000),
(overruling Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084 (1926)). Some statutory
prerequisites, however, remain jurisdictional. Sierra Club v. Texas Natural Res.
Conservation Comm'n, 26 S.W.3d 684, 687 (Tex. App.--Austin 2000), aff'd on other
grounds, 70 S.W.3d 809 (Tex. 2002).

 In Heart Hosp. IV v. King, the Austin Court of Appeals held that section
212.201 of the Labor Code is a "jurisdictional statutory prerequisite and a party's
failure to comply with it deprives the trial court of jurisdiction to review the
Commission's decision." 116 S.W.3d 831, 835 (Tex. App.--Austin 2003, pet.
denied). The court reasoned that section 212.201 "defines and restricts" the kind of
cases a district court may hear because a "district court is generally without
jurisdiction to review the agency's decision unless and until the plaintiff files a
petition for judicial review within the statutorily prescribed 14 days." Id. Likewise,
this Court, citing Heart Hospital, has held that a similar provision of the Labor Code
is jurisdictional. See Carrington v. Tex. Workforce Comm'n, No. 01-04-00424-CV,
2006 WL 66455, *2 (Tex. App.--Houston [1st Dist.] Jan. 12, 2006, no pet.) (holding
14-day deadline for appealing initial denial of benefits determination, found in
section 208.23 of Labor Code, to be jurisdictional).

Did Kelley comply with section 212.201?

 Having determined that the provisions of section 212.201 are jurisdictional, we
next must decide whether Kelley complied with section 212.201 when she filed her
petition for judicial review.

 We have already stated that Kelley was required to seek judicial review of the
Commission's decision in claim number 487871 by August 24, 2004--14 days after
the Commission's decision became final. Kelley's petition for review was filed on
August 4, 2006. As such, Kelley's petition for review appears to meet the 14-day
requirement for filing a petition for judicial review. 

 However, Kelley's August 4, 2004 petition did not name the District as a party. 
As such, Kelley's August 4, 2004 petition does not meet the requirements of section
212.201(b), which requires that all parties to the proceedings before the Commission
be named as defendants in the petition for judicial review. 

 Kelley, however, argues that her December 20, 2004 amended petition cures
this pleading defect. We disagree. "[I]f an employer who was a party to the
proceedings before the Commission was not made a defendant within the statutory
time limit, the petition may not be amended thereafter to cure the jurisdictional
defect." Wren v. Tex. Employment Comm'n, 915 S.W.2d 506, 509 (Tex.
App.--Houston [14th Dist.] 1995, no writ). 

 In Heart Hospital, the plaintiff, like the plaintiff here, filed his petition for
judicial review within 14 days. 116 S.W.3d at 835. However, also like the plaintiff
here, he did not comply with other requirements of the Labor Code. Here, Kelley did
not join all defendants as required by section 212.201(b). In Heart Hospital, the
plaintiff timely filed his petition, albeit in the wrong county, a violation of Tex. Lab.
Code Ann. § 212.204 (Vernon 1996). Id. When the plaintiff in Heart Hospital
finally filed his petition in the correct county, the 14-day deadline for filing had
passed and the trial court then lacked jurisdiction. Id. Likewise, in this case, by the
time Kelley amended her petition to name the District as a party, the 14-day deadline,
which we have held to be jurisdictional, had long since passed.

 Because Kelley did not amend her petition until December 20, 2004--almost
four months after the statutory deadline for filing a petition for judicial review had
passed--her attempted amendment comes too late. Accordingly, the trial court did
not err in granting the Commission's plea to the jurisdiction as it relates to claims
551552 and 551569.

CONCLUSION

 We hold that the requirements section 212.201 of the Labor Code are
jurisdictional prerequisites for seeking judicial review. Because Kelley failed to
timely amend her petition for judicial review of claim within the 14-day time frame
set forth in this section, the district court was without jurisdiction to consider her
cause. Accordingly, we affirm the judgment of the trial court.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.