Reversed and Remanded and Opinion
filed August 31, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00222-CV



Svetlana B. Poplin, Appellant 

v.

Amerisure Mutual Insurance Company, Appellee 



On Appeal from
the County Civil Court at Law No. 2

Harris County, Texas

Trial Court
Cause No. 907501



 

OPINION 

In this case, we determine whether
the Texas Labor Code’s requirement that a party seeking judicial review of a
final decision of the Texas Workers’ Compensation Commission must “serve any
opposing party to the suit” compels service by citation.  A widow appeals a
take-nothing judgment in favor of an insurance carrier in her suit for judicial
review of the denial of workers’ compensation benefits in connection with her
husband’s death.  The trial court granted summary judgment on the basis that
the widow was time-barred from seeking judicial review because she failed to follow
the procedures of the Texas Labor Code in serving the insurance carrier —
procedures the trial court implicitly found required service by citation. Concluding
the statute does not require service by citation, we reverse and remand.

Background

Appellant Svetlana B. Poplin, the
plaintiff below, filed a petition with the trial court for judicial review of
an order by an appeals panel of the Texas Workers’ Compensation Commission
denying Poplin benefits in connection with her husband’s death.  Appellee Amerisure
Mutual Insurance Company, the defendant below, entered a general denial and
asserted that Poplin’s claims were time-barred.  

Amerisure filed a traditional motion
for summary judgment.  According to the motion and the attached evidence, a
case hearing officer from the Texas Workers’ Compensation Commission rendered a
decision that Amerisure was not liable to Poplin for compensation benefits
because Poplin’s husband’s death was caused by a non-compensable injury, a
heart attack.  An appeals panel with the Texas Workers’ Compensation Commission
issued a final order affirming the hearing officer’s decision.  

In its summary-judgment motion, Amerisure
claimed that under the Labor Code, a party seeking judicial review of the appeals
panel’s decision must not only timely file a petition with the trial court but
also must effect service of citation upon the opposing party within forty days
of the appeals panel’s decision.  See Tex.
Lab. Code Ann. §§ 410.252–.253 (Vernon 2006).  Amerisure argued that
although Poplin timely filed suit for judicial review in the county court at law
and simultaneously sent a copy of the suit to opposing counsel, Poplin did not effect
service by citation upon Amerisure.  Amerisure attached evidence reflecting an
address for its registered agent for service of process and an affidavit from the
agent, stating that she never received any citation, process, or a waiver of
citation for Poplin’s petition for judicial review.  Amerisure claimed that without
service of citation, Poplin’s petition for judicial review was not timely and the
Texas Workers’ Compensation Commission’s decision thus became final as a matter
of law.

In response, Poplin argued she was
not required to effect service of citation and that she only needed to serve Amerisure
with a copy of her petition.  Poplin attached an affidavit and letter from
Poplin’s attorney as well as a certified mail return receipt signature card (commonly
known as a “green card”) as evidence of service on Amerisure’s attorney of
record, to whom Poplin had mailed a copy of the petition for judicial review. 
The letter to Amerisure’s attorney sent by certified mail and the corresponding
green card show the petition was mailed on the same date the petition was filed
in the county court at law.

Poplin also claimed that because
Amerisure had filed an original answer to her petition, under the Texas Rules
of Civil Procedure there was no requirement that citation be served, and
Amerisure therefore had waived any challenge to the purported lack of proper
service.  

The trial court granted summary
judgment in favor of Amerisure.  Under a single appellate issue, Poplin argues
her suit for judicial review was not statutorily barred based on the failure to
serve Amerisure with citation and that the trial court erred in granting
summary judgment in favor of Amerisure on this basis.  

Standard of Review

In a traditional motion for summary
judgment, if the movant’s motion and summary-judgment evidence facially
establish its right to judgment as a matter of law, the burden shifts to the
nonmovant to raise a genuine, material fact issue sufficient to defeat summary
judgment.  M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d
22, 23 (Tex. 2000).  In our de novo review of a trial court=s summary judgment, we
consider all the evidence in the light most favorable to the nonmovant,
crediting evidence favorable to the nonmovant if reasonable jurors could, and
disregarding contrary evidence unless reasonable jurors could not.  Mack
Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  The evidence
raises a genuine issue of fact if reasonable and fair-minded jurors could
differ in their conclusions in light of all of the summary-judgment evidence.  Goodyear
Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007). 

Analysis

Chapter 410, subchapter F of the
Texas Labor Code, entitled “Judicial Review,”[1]
governs judicial review of workers’ compensation claims.  See Tex. Lab. Code Ann. §§ 410.251–.258
(Vernon 2006); Albertson’s, Inc. v. Sinclair, 984 S.W.2d 958, 960 (Tex.
1999) (per curiam).  After exhaustion of administrative remedies, a party may
seek judicial review of a final decision of an appeals panel of the Texas
Workers’ Compensation Commission.  Tex.
Lab. Code Ann. § 410.251; see Albertson’s, Inc., 984 S.W.2d at
960.  The parties do not dispute that Poplin timely filed her petition in the county
court at law.  See Tex. Lab. Code
Ann. § 410.252 (setting forth time period for filing petition).  They
dispute whether Amerisure was properly served in accordance with section
410.253.  The trial court’s summary judgment was implicitly based on a
conclusion that Poplin failed to properly serve Amerisure under section 410.253
and that this failure bars Poplin’s suit for judicial review.  We presume for
the sake of argument that if Amerisure was not properly served, Poplin’s suit
would be barred.  Thus, the issue before us is whether Amerisure was served in
accordance with section 410.253.  

Section 410.253, entitled
“Service; Notice,” states in its entirety:

(a) A party seeking
judicial review shall simultaneously:  

(1) file a copy of the party’s
petition with the court; 

(2) serve any opposing party to the
suit; and 

(3) provide written
notice of the suit or notice of appeal to the division.  

(b) A party may not
seek judicial review under section 410.251 unless the party has provided
written notice of the suit to the division as required by this section.

Tex. Lab. Code Ann. § 410.253.  Poplin
asserts that service of a copy of the petition by certified mail on any
opposing party to the suit is sufficient to satisfy section 410.253(a)(2). Poplin
presented summary-judgment evidence proving that she served a copy of her
petition on Amerisure’s attorney of record by certified mail on the same day
she filed her petition in the trial court. 

            Amerisure’s
entire argument is premised on the notion that the statute requires service of
citation upon any opposing party and that service of only the petition by
certified mail fails to comply with the statute’s requirements.  Amerisure argues
that Poplin’s failure to take any steps to have Amerisure served with citation
bars her suit.  Thus, we consider whether the requirement in section
410.253(a)(2) that a party seeking judicial review “serve any opposing party”
means that the party must have the opposing parties served with citation.

We review the trial court’s interpretation of
applicable statutes de novo. See Johnson v. City of Fort Worth, 774
S.W.2d 653, 655B56 (Tex. 1989).  In
construing a statute, our objective is to determine and give effect to the
Legislature’s intent.  See Nat’l Liab. & Fire Ins. Co. v. Allen, 15
S.W.3d 525, 527 (Tex. 2000).  If possible, we must ascertain that intent from
the language the Legislature used in the statute and not look to extraneous
matters for an intent the statute does not state.  Id.  If the meaning
of the statutory language is unambiguous, we adopt the interpretation supported
by the plain meaning of the provision’s words.  St. Luke’s Episcopal Hosp.
v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997).  We must not engage in forced or
strained construction;  instead, we must yield to the plain sense of the words
the Legislature chose.  See id.

First we note that, as to workers’ compensation proceedings
initiated before September 1, 2003, section 410.253 read as follows: 

A copy of the petition shall be simultaneously filed
with the court and the commission and served on any opposing party.  

Act
of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1209
(amended 2003, 2005) (hereinafter “pre-2003 version of section 410.253”).  The
Texas Administrative Procedure Act provides that a person seeking judicial
review of the decision of a state agency must file a petition and, unless otherwise
provided by statute, “a copy of the petition must be served on the state agency
and each party of record in the proceedings before the state agency.”  Tex. Gov’t Code Ann. § 2001.176 (a),
(b) (Vernon 2008).  The Supreme Court of Texas has held that, under section
2001.176 of the Government Code, the person seeking review need only serve
copies of the petition and that service of citation is not required.  See
Tex. Natural Res. Conservation Comm’n v. Sierra Club, 70 S.W.3d 809, 814
(Tex. 2002).  The pre-2003 version of section 410.253 was substantially similar
to section 2001.176(b)(2), requiring that a “copy of the petition shall be . .
. served on any opposing party.”  Act of May 12, 1993, 73rd Leg., R.S., ch.
269, § 1, 1993 Tex. Gen. Laws at 1209.  Therefore, the Sierra Club
precedent supports a conclusion that the pre-2003 version of section 410.253
did not require service of citation.  See Sierra Club, 70 S.W.3d at
814.  

            The
case that we decide today is governed by the current version of section
410.253.  We have found no cases addressing whether this statute requires
service of citation on opposing parties.  Unlike the pre-2003 version of
section 410.253 and section 2001.176 of the Government Code, the current
version of section 410.253 does not specify that a copy of the petition must be
served.  See Tex. Lab. Code Ann.
§ 410.253.  Nor does the current version of section 410.253 state that citation
must be served.  See id.  The statute is silent as to what is to be
served on opposing parties.  See id.  

            Significantly,
a party to a lawsuit may not himself serve citation in that suit.  See Tex. R. Civ. P. 103 (stating who may
serve process, including citation, and stating that “no person who is a party
to or interested in the outcome of a suit may serve any process in that suit”);
Kennedy v. Gutierrez, No. 09-09-00373-CV, 2010 WL 1930939, at *3 (Tex.
App.—Beaumont May 13, 2010, no pet.) (mem. op.) (holding that plaintiff could
not serve citation on defendants).  Thus, statutes that explicitly require
service of citation in judicial review suits do not state that the party
seeking review must serve the citation.  See Tex. Educ. Code Ann. § 7.057(d) (Vernon 2006) (requiring
service with citation for appeal of an agency decision); id. § 1001.461
(Vernon 2009) (requiring service with citation for judicial review of
disciplinary action); Tex. Fam. Code
Ann. § 160.422(d) (Vernon 2008) (pertaining to certificate of search of
registry and requiring service with citation); Tex. Health & Safety Code Ann. § 361.321(c) (Vernon 2010)
(involving petition for judicial review under Solid Waste Disposal Act and
requiring service of citation); Tex.
Water Code Ann. § 5.357 (Vernon 2008) (requiring service with citation
in suits against agency).  However, under section 410.253, the party seeking
judicial review must “serve any opposing party to the suit.”  Tex. Lab. Code Ann. § 410.253.  

            Under
the Texas Admistrative Procedure Act’s default rule for a party seeking
judicial review, the party must serve a copy of his petition on opposing
parties, with no requirement that the opposing parties be served with process. 
See Tex. Gov’t Code Ann. §
2001.176 (a), (b).  The Texas Legislature is free to require service of
citation on opposing parties under a particular judicial-review procedure, and
in some instances, the Texas Legislature has done so.  See Tex. Educ. Code Ann. §§ 7.057(d), §
1001.461; Tex. Fam. Code Ann. §
160.422(d); Tex. Health & Safety
Code Ann. § 361.321(c); Tex.
Water Code Ann. § 5.357.  Under section 410.253, the Texas Legislature
did not state that citation must be served on the opposing parties, and the parties
whom the Texas Legislature requires to “serve” opposing parties are parties who
cannot serve citation.  See Tex.
R. Civ. P. 103; Kennedy, 2010 WL 1930939, at *3.  We conclude
that, under the plain meaning of section 410.253, Poplin was not required to serve
Amerisure with citation or to have Amerisure served with citation.  

Conclusion

Poplin’s summary-judgment evidence
shows that Poplin served Amerisure with a copy of her petition by certified
mail on the same day that she filed her petition.  This service is all that
section 410.253(a)(2) requires.  Service of citation upon Amerisure was not
required, and Poplin’s failure to have citation served on Amerisure does not
make her petition for judicial review untimely.  Therefore, Amerisure did not
prove as a matter of law that Poplin failed to properly serve Amerisure under
section 410.253, and the trial court erred in granting summary judgment.  Accordingly,
we sustain Poplin’s sole issue, reverse the trial court’s judgment, and remand
this cause to the trial court for further 
proceedings consistent with this opinion.

 

 

                                                                        

                                                            /s/        Kem
Thompson Frost

                                                                        Justice

 

 

 

Panel consists of
Justices Frost, Boyce, and Sullivan.

 

 









[1] Unless
otherwise specified, all references to “chapter” or “section” pertain to the
Texas Labor Code.