# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00535-CV

**AGAP Life Offerings, LLC, and Charles D. Madden, Appellants**

**v.**

**Texas State Securities Board; and John Morgan, Successor of Bennette Zivley, in his Official Capacity as Securities Commissioner of the State of Texas, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. D-1-GN-11-000886, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

The Securities Commissioner of the State of Texas issued an emergency order prohibiting AGAP Life Offerings, LLC, and Charles Madden (cumulatively "AGAP") from engaging in various business activities. After an administrative hearing, the Commissioner issued another order modifying the preexisting emergency order, but the new order still prohibited AGAP from engaging in the allegedly improper business activities. In response, AGAP sought judicial review of the Commissioner's final order. After AGAP initiated its suit, the Commissioner filed a plea to the jurisdiction asserting that the suit for judicial review was not timely filed. Ultimately, the district court granted the Commissioner's plea and dismissed AGAP's suit for judicial review. AGAP appeals the district court's ruling, and we will affirm the district court's ruling.

## GOVERNING STATUTORY FRAMEWORK

The controversy in this case results from the interplay between provisions of the Texas Securities Act and the Administrative Procedure Act. Essentially, the issue is whether the Securities Act relieves parties of the obligation of complying with a statutory prerequisite to suit listed in the Administrative Procedure Act.

Under the Administrative Procedure Act, a person seeking to initiate judicial review of an agency determination must file a petition no "later than the 30th day after the date on which the decision that is the subject of the complaint is final and appealable." Tex. Gov't Code § 2001.176(a). In addition to this requirement, the Administrative Procedure Act sets out the circumstances under which an agency decision is final. *See id.* § 2001.144(a). In relevant part, the Act states that if a timely motion for rehearing is filed, the decision is final when the motion for rehearing is overruled by the agency or when the motion is overruled by operation of law. *See id.* § 2001.144(a)(2). Regarding rulings on motions for rehearing, the Act explains that if an agency does not act on a motion for rehearing, the motion is overruled by operation of law 45 days after a party received notice of the order. *See id.* § 2001.146(c). In addition, the Act explains that, with some exceptions, a "timely motion for rehearing is a prerequisite to an appeal in a contested case." *Id.* § 2001.145(a). Finally, the Act states that a final decision "is appealable." *Id.* § 2001.145(b).

Although the Administrative Procedure Act sets out general requirements for agencies and for challenging agency determinations, the Texas Securities Act sets out the particular circumstances under which the Commissioner may issue "an emergency cease and desist order" and the manner in which those orders may be challenged. *See* Tex. Rev. Civ. Stat. art. 581-23-2. In particular, the Securities Act allows the Commissioner to "issue an emergency cease and desist

2

order to a person whom the Commissioner reasonably believes" is engaging or about to engage in fraudulent activities relating to the sale of securities, "has made an offer containing a statement that is materially misleading or is otherwise likely to deceive the public," or "is engaging or is about to engage in an act" that violates the provisions of the Act or governing rules. *Id.* art. 581-23-2(A).

Regarding challenges to emergency orders issued by the Commissioner, the Act specifies that unless "a person against whom the order is directed requests a hearing" within 31 days of being served, the order is final and nonappealable. *Id.* art. 581-23-2(C). Further, the Act also clarifies that if a request for a hearing is made, the Commissioner is obligated to schedule a hearing. *Id.* art. 581-23-2(D) (explaining that if party requests hearing, hearing must be held within 10 days); *see also id* art. 581-24(C) (explaining that hearings "are subject to the requirements" of Administrative Procedure Act). Finally, the Act explains that after conducting a hearing, the Commissioner is required to "affirm, modify, or set aside" the order and that "[a]n order affirming or modifying the emergency order is immediately final for purposes of enforcement and appeal." *Id.* art. 581-23-2(E).

The parties take issue with whether the language making an order by the Commissioner "immediately final for purposes of enforcement and appeal" relieves parties seeking judicial review of the obligation to file a motion for rehearing with the Commissioner before filing their petitions.

**BACKGROUND**

The Commissioner issued an emergency order that prevented AGAP from engaging in various activities related to the sale of securities. AGAP challenged the order and

3

requested a hearing on the motion. *See* Tex. Rev. Civ. Stat. art. 581-23-2(D). After a hearing was held, the Commissioner issued an order modifying the initial emergency order but retaining the prohibitions against AGAP. *See id.* art. 581-23-2(E). That final order was "SIGNED and ENTERED" on January 20, 2011.

Approximately two weeks after the order was entered, AGAP filed a motion for rehearing. *See* Tex. Gov't Code § 2001.146(a). The Commissioner did not act on the motion. Because the Commissioner did not act on the motion, AGAP waited to seek judicial review until after the passing of the 45-day deadline by which motions for rehearing are overruled by operation of law under the Administrative Procedure Act. *See id.* § 2001.146(c). AGAP's petition was filed on March 24, 2011, which was less than 30 days from when a motion for rehearing would have been overruled by operation of law under the Act but more than 60 days from when the Commissioner's final order was issued.

In response to AGAP's filing suit, the Commissioner filed a plea to the jurisdiction. In his plea, the Commissioner argued that the Securities Act makes emergency orders issued by the Commissioner immediately final and appealable upon their issuance. *See* Tex. Rev. Civ. Stat. art. 581-23-2(E). Accordingly, the Commissioner asserted that parties seeking judicial review of an agency order are excused from the obligation of filing a motion for rehearing and must instead file a suit for judicial review within 30 days of an agency order being issued. *See* Tex. Gov't Code § 2001.176(a). In light of that deadline, the Commissioner insisted that AGAP's suit was not timely filed because the suit was not filed until over 60 days from the date that the order issued. When responding to the plea, AGAP urged that its suit was timely because it filed the suit within 30 days of its motion for rehearing being overruled by operation of law.

4

After convening a hearing regarding the plea, the district court concluded that AGAP's petition was not timely and, accordingly, granted the plea and dismissed all of AGAP's claims with prejudice. In an explanatory letter to counsel, the district court stated that post-hearing matters under the Securities Act are not governed by the Administrative Procedure Act.

AGAP appeals the district court's order granting the Commissioner's plea.

**STANDARD OF REVIEW**

This appeal concerns whether a statutory prerequisite to suit was performed. For suits against governmental entities, a plaintiff must comply with all of the statutory prerequisites to suit, and those prerequisites are jurisdictional in nature. Tex. Gov't Code § 311.034; *see In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010) (explaining that legislature has chosen to make filing deadlines jurisdictional for cases against governmental entities). Accordingly, a plaintiff's alleged failure to comply with the prerequisites may be "properly asserted in a plea to the jurisdiction." *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 511 (Tex. 2012). Appellate courts review de novo a trial court's ruling on a plea to the jurisdiction. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007); *see Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (explaining that "[a] plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction"). When performing this review, courts look to the plaintiff's petition to ascertain "whether the facts pled affirmatively demonstrate that jurisdiction exists." *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). "If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, the plaintiff should be afforded the opportunity to replead." *Id.* at 643. However, if "the pleadings affirmatively negate

5

the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).

Resolution of this appeal involves the construction of various statutes. Statutory construction is a legal question that is reviewed de novo. *Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). In performing this analysis, an appellate court's primary goal is "to determine and give effect to the Legislature's intent." *American Zurich Ins. Co. v. Samudio*, 370 S.W.3d 363, 368 (Tex. 2012). The intent of the legislature is best understood through the plain language of the statutes. *Chatha*, 381 S.W.3d at 507. In assessing the legislature's intent, appellate courts study the entire act rather than examine provisions "in isolation." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999). Under this analysis, courts presume that every word was deliberately chosen and that excluded words were purposefully left out. *USA Waste Servs. of Houston, Inc. v. Strayhorn*, 150 S.W.3d 491, 494 (Tex. App.—Austin 2004, pet. denied). If the text of the statutes is clear and unambiguous, the "text is determinative of" the legislature's intent unless the plain language "would produce absurd results." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). Stated differently, courts should only resort to rules of construction or extrinsic information if the statutory language is ambiguous. *In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007).

**DISCUSSION**

In one issue on appeal, AGAP asserts that the district court erred by granting the Commissioner's plea.

6

In challenging the district court's order, AGAP contends that unless an agency's governing statutes provide otherwise, the Administrative Procedure Act's "contested-case and judicial-review procedures apply to agency-governed proceedings." *See Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 563 (Tex. App.—Austin 2008, pet. denied); *see also* Tex. Gov't Code § 2001.001(1) (stating that Act was created "to provide minimum standards of uniform practice and procedure for state agencies"). Moreover, AGAP urges that the Securities Act does not provide otherwise and, accordingly, argues that the requirements of the Securities Act must be read in conjunction with the provisions of the Administrative Procedure Act "governing judicial review of contested cases." *See Texas Natural Res. Conservation Comm'n v. Sierra Club*, 70 S.W.3d 809, 812 (Tex. 2002).

Regarding judicial review under the Administrative Procedure Act, AGAP notes that the Act mandates in most circumstances that parties timely file motions for rehearing with the agency before seeking judicial review of an agency decision, Tex. Gov't Code § 2001.145(a), sets out the circumstances under which an agency order is final and appealable, *id.* §§ 2001.144(a), .145(b), and requires that an individual seeking judicial review to file a petition within 30 days of an agency's decision becoming final and appealable, *id.* § 2001.176(a). *See also id.* § 2001.171 (requiring individual to exhaust all administrative remedies before seeking judicial review). Furthermore, AGAP contends that if the legislature had intended for the motion-for-rehearing requirement to be subject to the requirements of other statutes, it would have written the provisions of the Administrative Procedure Act to account for that possibility. *See id.* § 2001.145 (stating that, with two exceptions under Act, motion for rehearing is prerequisite to appeal contested case); *see also id.* § 2001.176 (listing certain requirements for seeking judicial review but stating that

requirements apply "[u]nless otherwise provided by statute"). In light of these provisions, AGAP insists that it was required to file a motion for rehearing before seeking judicial review, that the agency's order was not appealable until the motion for rehearing was ruled on, and that the 30-day deadline for seeking judicial review did not begin until the motion for rehearing was ruled on. Accordingly, AGAP contends that its petition seeking judicial review was timely.[1]

In addressing the language of the Securities Act, AGAP alleges that rather than excusing the usual need to file a motion for rehearing, the provision merely renders the Commissioner's order immediately final. In other words, AGAP argues that the decision is final because the Commissioner's order represents the Commissioner's "definitive position on the issue." *See City of El Paso v. Madero Dev. & Constr. Co.*, 803 S.W.2d 396, 399 (Tex. App.—El Paso 1991, writ denied) (discussing finality requirement and distinguishing it from exhaustion requirement).

---

[1] AGAP also contends that construing the Securities Act as requiring a party to file a motion for rehearing before seeking judicial review "is consistent with public policy." Specifically, AGAP urges that its construction serves the interest of requiring parties to fully exhaust their administrative remedies before seeking judicial review and of allowing agencies to have an opportunity to correct their mistakes.

Although AGAP has indeed identified compelling policy arguments, our task is to construe the governing statutes as written, and in performing that task, we should not resort to extraneous tools unless the language of the statute is unclear. *See In re Estate of Nash*, 220 S.W.3d 914, 917 (Tex. 2007); *see also Upjohn Co. v. Rylander*, 38 S.W.3d 600, 612 (Tex. App.—Austin 2000, pet. denied) (explaining that public policy arguments should not "override the Legislature's intent"). As will be discussed more thoroughly later, we believe that the language of the statutes is clear. Moreover, the task of weighing the various competing public policy concerns, including the desire for a more speedy resolution of challenges to emergency orders, is a function better suited to the legislature. *Cf. Texas Natural Res. Conservation Comm'n v. IT-DAVY*, 74 S.W.3d 849, 854 (Tex. 2002) (explaining that legislature is in best position to weigh conflicting policies associated with waiving immunity).

But AGAP insists that a party must still exhaust his administrative remedies by filing a motion for rehearing before seeking judicial review of the Commissioner's decision.[2]

In light of the plain language of the Securities Act, we cannot agree with AGAP that administrative exhaustion in these types of cases requires a party to file a motion for rehearing. The Securities Act allows the Commissioner to "issue an emergency cease and desist order,"

---

[2] In challenging the district court's order, AGAP also points to the rule governing motions for rehearing for contested cases under the Securities Act and notes that the rule in effect during the time relevant to this case required parties seeking judicial review to file a motion for rehearing within 20 days of receiving notice of the Commissioner's decision. *See* 22 Tex. Reg. 1006 (1997) (State Sec. Bd., Motion for Rehearing), *adopted* 22 Tex. Reg. 3213 (1997), *amended by* 23 Tex. Reg. 8599 (1998), *adopted by* 23 Tex. Reg. 12292 (1998), *repealed by* 36 Tex. Reg. 8471 (2011), *adopted* 37 Tex. Reg. 2165 (2012) (current version at 7 Tex. Admin. Code § 105.17). Moreover, AGAP highlights that the Commissioner filed his own motion for rehearing in this case and thereby demonstrated his belief that motions for rehearing were required. In post-submission briefing, AGAP points to a provision of the Occupations Code containing language that is identical to the provision of the Securities Act at issue, *see* Tex. Occ. Code § 301.471(e), and notes that the corresponding rule provides that a motion for rehearing is not a prerequisite to appeal only when the order states that it is final and effective on the date issued and contains a finding stating that the order "requires immediate effect" to protect the public, 22 Tex. Admin. Code § 213.23(j), (k) (2013) (Tex. Bd. of Nursing, Decision of the Board). In other words, AGAP argues that parties are generally required to file motions for rehearing even though the provision of the Occupations Code specifies that the agency's decisions are "immediately final."

Although AGAP correctly points out that there are circumstances in which courts will defer to an agency's interpretation, we do not defer if the agency's construction is inconsistent with the plain language of the governing statute. *DuPont Photomasks, Inc. v. Strayhorn*, 219 S.W.3d 414, 420 (Tex. App.—Austin 2006, pet. denied). As explained more thoroughly in the body of the opinion, we believe that the plain language of the governing statute does not require a party to file a motion for rehearing before seeking judicial review of an emergency order issued by the Commissioner. Moreover, we note that the current version of the rule excludes parties from the obligation of filing a motion for rehearing before seeking judicial review of emergency orders. *See* 7 Tex. Admin. Code § 105.17(a) (2013) (State Sec. Bd., Motion for Rehearing). Furthermore, we do not believe that the Commissioner's decision to file his own motion for rehearing could have established a requirement for a motion for rehearing that was not permitted by the governing statute or could have somehow extended the deadline for seeking judicial review. *See Edwards Aquifer Auth. v. Chemical Lime, Ltd.*, 291 S.W.3d 392, 403-04 (Tex. 2009) (explaining that in absence of statutory authority, agency's actions may not extend filing deadline set by legislature).

9

Tex. Rev. Civ. Stat. art. 581-23-2(A), and allows parties that are subject to an emergency order to request a hearing on the order, *id.* art. 581-23-2(D). The Act also directs that after the hearing, the Commissioner "shall affirm, modify, or set aside in whole or part the emergency order." *Id.* art. 581-23-2(E). Finally, the Act mandates that an "order affirming or modifying the emergency order is *immediately final for purposes of* enforcement and *appeal*." *Id.* (emphases added).

By including the phrase "immediately final for purposes of enforcement and appeal," the legislature evidenced its intent to make orders affirming or modifying one of the Commissioner's emergency orders appealable upon their issuance.[3] *See id.* In other words, a party sufficiently exhausts his administrative remedies in these circumstances by complying with the only administrative action required by the legislature: requesting an administrative hearing to challenge an emergency order by the Commissioner. *See id.* art. 581-23-2(E). Accordingly, the governing statute "provides otherwise" and does not require a party to file a motion for rehearing with the agency before the order will be deemed final and appealable. Moreover, construing the Securities

---

[3] As support for the idea that the Securities Act provisions should be read in conjunction with the Administrative Procedure Act to require that a party file a motion for rehearing as a prerequisite to appeal, AGAP refers to various opinions stating that an agency decision is not appealable until a motion for rehearing is filed and overruled; however, none of those cases involve a situation in which the governing statute states that an agency order is "immediately final for purposes of enforcement and appeal." *See, e.g.*, *Texas Water Comm'n v. Dellana*, 849 S.W.2d 808, 810 (Tex. 1993) (concluding that party was obligated to file motion for rehearing and exhaust administrative remedies before filing suit when statute required person to appeal within 30 days of effective date of order); *Lindsay v. Sterling*, 690 S.W.2d 560, 563-64 (Tex. 1985) (reading Administrative Procedure Act in conjunction with Alcoholic Beverage Code to determine that 30-day period for seeking judicial review did not begin until motion for rehearing had been overruled within 45 days as specified in Code); *Reed v. State of Texas Dep't of Licensing & Regulation*, 820 S.W.2d 1, 4 (Tex. App.—Austin 1991, no writ) (affirming dismissal of suit because party failed to file motion for rehearing prior to seeking judicial review of agency decision under statute stating that person appealing license revocation "has 30 days in which to appeal commissioner's decision").

Act as not requiring the filing of a motion for rehearing before seeking judicial review is consistent with the desire for quick and final resolution of the emergency orders evidenced by the legislature's decision to impose short deadlines for scheduling hearings. *See id.* art. 581-23-2(D) (requiring Commissioner to schedule hearing within 10 days).[4]

On appeal, AGAP also contends that if there is a conflict between the Securities Act and the Administrative Procedure Act, the provisions of the Administrative Procedure Act

---

[4] In a related set of arguments, AGAP contends that the Administrative Procedure Act does specify circumstances in which a party is not required to file a motion for rehearing because an agency decision is final when rendered, but it argues that those circumstances are not present here. Under the Act, an agency decision may be final on the day it is rendered in circumstances in which the agency "finds that an imminent peril to the public health, safety, or welfare requires immediate effect of a decision." Tex. Gov't Code § 2001.144(a)(3). In addition, the Act further provides that the agency's decision "must recite" this finding and state that the decision "is final and effective on the date rendered." *Id.* § 2001.144(b). AGAP notes that the order at issue does not contain a finding of that type, nor does it specify that it was final and effective on the date rendered; instead, AGAP contends that the order merely stated that it was "SIGNED and ENTERED" on January 20, 2011.

As we concluded above, the legislature has expressed its intention to excuse parties from any obligation to file a motion for rehearing when seeking judicial review of an emergency order by the Commissioner. Accordingly, we cannot agree with AGAP's suggestion that the Commissioner's order was not final and appealable because it did not satisfy the requirements of the provision of the Administrative Procedure Act exempting parties from the need for filing a motion for rehearing in emergency circumstances. *Id.* § 2001.144(a)(3). Upon reviewing the provisions exempting the need for a motion for rehearing under the Administrative Procedure Act, we believe that one of the purposes of specifically informing a party that an order is final and effective when issued is because, in the typical case, those decisions are not final and are subject to further administrative review. For that reason, the parties need to be informed whether the order is final and appealable in order to know which type of review process to initiate. That type of concern is not as present for emergency orders under the Securities Act because the Act mandates that all emergency orders are final and are not subject to further administrative review. However, we do note that when the district court addressed this issue in a letter to the parties, it stated that "the 'best practice' at the administrative agency level *should* be to put a party on notice that an order is final and appealable. This is especially true in an emergency context, as contemplated by the [Administrative Procedure Act] in Tex. Gov't Code § 2001.044(b) requiring an emergency order recite that the order is final and effective on the date rendered."

11

should control and require that a motion for rehearing be filed and ruled on before a party seeks judicial review of an agency decision. As support for this proposition, AGAP primarily relies on *Simmons v. Texas State Board of Dental Examiners*, 925 S.W.2d 652 (Tex. 1996). In that case, the Board of Dental Examiners revoked Simmons's license, and Simmons sought to challenge the Board's action by filing a motion for rehearing with the Board and also seeking judicial review. *Id.* at 652. Simmons then moved to stay the judicial proceedings until his motion for rehearing was ruled on. *Id.* After his motion was overruled, Simmons moved to reinstate the judicial-review proceeding; however, the district court dismissed his suit for lack of jurisdiction. *Id.* at 653. Simmons argued that he filed his suit before his motion for rehearing was ruled on because the Dental Practice Act required an individual seeking judicial review of his revocation to file a petition within 30 days of receiving notice of his revocation. *Id.*

In resolving the issues on appeal, the supreme court concluded that the 30-day deadline under the Dental Practice Act conflicted with the motion-for-rehearing requirement of the Administrative Procedure Act because the 30-day deadline runs from the time of notice and not from when the order is final and appealable. *Id.*; *cf. Lindsay v. Sterling*, 690 S.W.2d 560, 563 (Tex. 1985) (explaining that provision of Alcoholic Beverage Code requiring applicant to appeal determination within 30 days of agency decision becoming final was not in conflict with motion-for-rehearing requirement of Administrative Procedure Act and concluding that provisions should be read together to mean that agency decision was final when motion for rehearing was ruled upon). In light of this conflict, the supreme court determined that Simmons's motion to reinstate "substantially satisfied the judicial-review requirements of the [Administrative Procedure Act] and thus invoked the district court's appellate jurisdiction." *Simmons*, 925 S.W.2d at 654.

Under the circumstances of this case, we believe that AGAP's reliance on *Simmons* is misplaced. Unlike the situation in *Simmons*, the legislature has not enacted a deadline in a governing agency statute that is inconsistent with a deadline in the Administrative Procedure Act; to the contrary, the legislature has entirely relieved parties of the obligation of filing a motion for rehearing when contesting an emergency order by the Commissioner. *See* Tex. Rev. Civ. Stat. art. 581-23-2(E); *see also Sierra Club*, 70 S.W.3d at 812 (explaining that if there is conflict between Administrative Procedure Act and agency's governing statutes, agency's statutes control). Accordingly, parties attempting to appeal an order by the Commissioner do not face the impossible choice presented in *Simmons* when attempting to timely comply with all prerequisites to seeking judicial review. *See Simmons*, 925 S.W.2d at 654; *cf. Mednick v. Texas State Bd. of Pub. Accountancy*, 933 S.W.2d 336, 338 (Tex. App.—Austin 1996, writ denied) (concluding that because Accountancy Act incorporated provisions of Administrative Procedure Act, party was allowed to file motion for rehearing within deadline provided by Administrative Procedure Act rather than shorter one provided by Accountancy Act). Instead, because the legislature did not except any of the other requirements under the Administrative Procedure Act, parties are simply obligated to file a petition seeking judicial review within the 30-day deadline listed in the Act. *See* Tex. Gov't Code § 2001.176(a).

Moreover, although it is not necessary to our decision here, we do note that when there is a conflict between a general provision and a more specific one, the specific "provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." *Id.* § 311.026. The Securities Act provision regarding appealability of emergency orders is more specific than the general requirements

of the Administrative Procedure Act, and the Securities Act provision was more recently enacted than the provision of the Administrative Procedure Act requiring motions for rehearing to be filed. *Compare* Act of May 27, 2001, 77th Leg., R.S., ch. 1091, § 3.05, sec. 23-2, 2001 Tex. Gen. Laws 2399, 2422 (promulgating provision governing cease-and-desist orders), *with* Act of April 30, 1993, 73d Leg., R.S., ch. 268, § 1, sec. 2001.145, 1993 Tex. Gen. Laws 583, 748 (requiring filing of motions for rehearing as prerequisite to suit), *amended by* Act of May 13, 1997, 75th Leg., R.S., ch. 611, § 2, sec. 2001.145, 1997 Tex. Gen. Laws 2148, 2148.

Having determined that the legislature has excepted the requirement of filing a motion for rehearing as a prerequisite to suit for appeals of emergency orders by the Commissioner, we must now determine whether AGAP complied with the other prerequisites to suit. As discussed previously, under the Administrative Procedure Act, a party is obligated to file a petition seeking judicial review "not later than the 30th day after the date on which the decision . . . is final and appealable." Tex. Gov't Code § 2001.176(a). Under the provisions of the Securities Act, the Commissioner's order became final and appealable on January 20, 2011. However, AGAP did not file its petition for judicial review until more than 60 days after the order became final and appealable. Accordingly, we must conclude that AGAP failed to satisfy all of the jurisdictional prerequisites to suit by failing to timely file its petition, *see id.* § 311.034, and that, therefore, the district court properly granted the Commissioner's plea to the jurisdiction, *see Jones v. State Bd. of Educator Certification*, 315 S.W.3d 237, 240 (Tex. App.—Austin 2010, pet. denied) (stating that "[i]n suits against governmental entities, a timely filed petition for judicial review is a statutory prerequisite to suit, so that failure to comply deprives the trial court of jurisdiction"). For these reasons, we overrule AGAP's sole issue on appeal.

## CONCLUSION

Having overruled AGAP's sole issue on appeal, we affirm the district court's order granting the Commissioner's plea to the jurisdiction.

_____

David Puryear, Justice

Before Justices Puryear, Henson, and Goodwin;
   Justice Henson not participating

Affirmed

Filed: November 26, 2013

15